Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON CROWDER, JOEL LUMIAN, ROBERT SMITH, AMANDA GOLDWASSER, and MARK ELKINS, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE SHADE STORE, LLC<br><br>*Defendant*. | Case No. 5:23-cv-02331-NC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Hearing Date: March 12, 2025<br>Time: 11:00 a.m.<br>Courtroom: Courtroom 5, 4th Floor<br><br>Hon. Nathanael M. Cousins |

**Table of Contents**

I. Introduction. ........................................................................................................................1

II. The Court has equitable jurisdiction. .................................................................................1

    A. The Court has equitable jurisdiction because Plaintiffs' legal remedies cannot possibly redress future harms. ................................................................................2

    B. The Court has equitable jurisdiction over Plaintiffs' equitable claims because legal remedies are inadequate to redress past harms too. ...............................................6

    C. Defendant improperly requests dismissal "with prejudice." ....................................9

III. Plaintiffs adequately allege quasi-contract claims. ..........................................................10

IV. Conclusion. ......................................................................................................................12

**Table of Authorities**

**Cases**

*Ablaza v. Sanofi-Aventis United States LLC*,
  2023 U.S. Dist. LEXIS 68391 (N.D. Cal. Apr. 13, 2023) ...................................................................9

*Am. Life Ins. Co. v. Stewart*,
  300 U.S. 203 (1937) ......................................................................................................................8, 9

*Anderson v. Apple Inc.*,
  500 F. Supp. 3d 993 (N.D. Cal. 2020) ...........................................................................................7, 9

*Andino v. Apple, Inc.*,
  2021 U.S. Dist. LEXIS 76011 (E.D. Cal. Apr. 20, 2021) ...................................................................3

*Brooks v. Thomson Reuters Corp.*,
  2021 U.S. Dist. LEXIS 154093 (N.D. Cal. Aug. 16, 2021) ................................................................3

*California v. Altus Fin.*,
  36 Cal. 4th 1284 (Cal. 2005) ..............................................................................................................5

*Chaplin v. Walmart, Inc.*,
  2023 U.S. Dist. LEXIS 132648 (N.D. Cal. May 25, 2023) .........................................................4, 10

*Chebul v. Tuft & Needle, LLC*,
  2024 U.S. Dist. LEXIS 226100 (C.D. Cal. Oct. 9, 2024) .........................................................7, 8, 9

*Clark v. Eddie Bauer LLC*,
  2024 U.S. App. LEXIS 1066 (9th Cir. Jan. 17, 2024) ......................................................................4

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ........................................................................................................2, 3

*Elgindy v. AGA Serv. Co.*,
  2021 U.S. Dist. LEXIS 61269 (N.D. Cal. Mar. 29, 2021) .................................................................8

*Fitzgerald et al. v. The Shade Store LLC*,
  Case No. 2:23-cv-01435-RSM (W.D. Wash.) ................................................................................12

*French v. Banana Republic LLC*,
  2024 U.S. Dist. LEXIS 200279 (N.D. Cal. Nov. 4, 2024) .................................................................8

Plaintiffs' Opposition to Defendant's                      ii                      Case No. 5:23-cv-02331-NC
Motion to Dismiss Third Amended Complaint

*Freund v. HP, Inc.*,
  2023 U.S. Dist. LEXIS 139822 (N.D. Cal. Aug. 10, 2023)...............................................................5

*Gamez v. Toyota Motor Sales, U.S.A., Inc.*,
  2024 U.S. Dist. LEXIS 3792 (E.D. Cal. Jan. 5, 2024)......................................................................2

*Gonzalez v. Childs. Place, Inc.*,
  2024 U.S. Dist. LEXIS 213358 (C.D. Cal. Nov. 21, 2024)..............................................................6

*Gumner v. Pepsico, Inc.*,
  2023 U.S. Dist. LEXIS 214510 (C.D. Cal. Nov. 29, 2023)............................................................10

*Guzman v. Polaris Industries, Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ...............................................................................................3, 5, 6, 10

*Haas v. Travelex Ins. Servs.*,
  555 F. Supp. 3d 970 (C.D. Cal. 2021) ..............................................................................................5

*In re Finisar Corp. Deriv. Litig.*,
  2012 U.S. Dist. LEXIS 97807 (N.D. Cal. July 12, 2012)................................................................8

*In re PFA Ins. Mktg. Litig.*,
  696 F. Supp. 3d 788 (N.D. Cal. 2021) ..............................................................................................8

*Johnson v. Trumpet Behavioral Health*, LLC,
  2022 U.S. Dist. LEXIS 3706 (N.D. Cal. Jan. 7, 2022) ....................................................................6

*Junhan Jeong v. Nexo Fin. LLC*,
  2022 U.S. Dist. LEXIS 10089 (N.D. Cal. Jan. 19, 2022) ................................................................6

*Kaaron v. Warren v. Whole Foods Mkt. Cal., Inc.*,
  2022 U.S. Dist. LEXIS 120865 (N.D. Cal. July 8, 2022)................................................................3

*Krueger v. Wyeth, Inc.*,
  396 F. Supp. 3d 931 (S.D. Cal. 2019)...............................................................................................7

*Kryzhanovskiy v. Amazon.com Servs.*,
  2022 U.S. Dist. LEXIS 115025 (E.D. Cal. June 28, 2022)..............................................................4

*Linton v. Axcess Fin. Servs.*,
  2023 U.S. Dist. LEXIS 113669 (N.D. Cal. June 30, 2023) .........................................................3, 4

*Makaeff v. Trump Univ., LLC*,
    309 F.R.D. 631 (S.D. Cal. 2015)...................................................................................7

*Meza v. Coty, Inc.*,
    2023 U.S. Dist. LEXIS 71163 (N.D. Cal. Apr. 24, 2023) ..................................................6

*Mier v. CVS Pharm., Inc.*,
    2021 U.S. Dist. LEXIS 76737 (C.D. Cal. Mar. 22, 2021) ................................................5

*Murphy v. Olly Pub. Ben. Corp.*,
    651 F. Supp. 3d 1111 (N.D. Cal. 2023) ...........................................................................8

*Nacarino v. Chobani, LLC*,
    2021 U.S. Dist. LEXIS 149153 (N.D. Cal. Aug. 9, 2021)................................................3

*Ostrovskaya v. St. John Knits, Inc.*,
    2022 U.S. Dist. LEXIS 100861 (C.D. Cal. Mar. 31, 2022) ..............................................9

*Philips Med. Capital, LLC v. Medical Insights Diagnostics Ctrs., Inc.*,
    471 F. Supp. 2d 1035 (N.D. Cal. 2007) .........................................................................11

*Retail Prop. Trust v. United Bd. Of Carpenters & Joiners of Am.*,
    768 F.3d 938 (9th Cir. 2014).........................................................................................11

*Rice v. Kimberly-Clark Corp.*,
    2022 U.S. Dist. LEXIS 203355 (E.D. Cal. Nov. 7, 2022) ................................................4

*Rodriguez v. Equal Exch., Inc.*,
    2024 U.S. Dist. LEXIS 58982 (S.D. Cal. Mar. 31, 2024)...............................................10

*Sanchez v. Sams West, Inc.*,
    2022 U.S. Dist. LEXIS 102560 (C.D. Cal. Mar. 8, 2022) ................................................3

*Sonner v. Premiere Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020)...................................................................................passim

*Steen v. Am. Nat'l Ins. Co.*,
    2022 U.S. Dist. LEXIS 116406 (C.D. Cal. June 30, 2022) ..............................................7

*Steen v. Am. Nat'l Ins. Co.*,
    609 F. Supp. 3d 1066 (C.D. Cal. 2022) ...........................................................................5

*Zeiger v. WellPet LLC*,
  526 F. Supp. 3d 652 (N.D. Cal. 2021) ................................................................................3, 4

**Statutes**

Cal. Bus. & Prof. Code § 17501 ...............................................................................................8

Cal. Bus. & Profs. Code § 17205 ..............................................................................................6

Civ. Code § 1780 ......................................................................................................................1

## I. Introduction.

In this case, Plaintiffs allege that Defendant The Shade Store deceptively advertises "discounts" for its products, when in reality the discounts persist and Defendant's products are consistently available for less than the advertised regular prices. They assert claims under California's False Advertising Law, Unfair Competition Law, and Consumer Legal Remedies Act, as well as several common law claims including quasi-contract. They seek injunctive relief and equitable restitution for their FAL, UCL, and quasi-contract claims, damages for their other common law claims, and injunctive relief, restitution, and damages for their CLRA claims.

In Defendant's third and now fourth motion to dismiss, it seeks to dismiss Plaintiffs' claims seeking equitable relief (the UCL, FAL, and quasi-contract claims, and the CLRA claims in part). Defendant argues that Plaintiffs have not sufficiently pleaded that they lack an adequate remedy at law, and so cannot pursue claims seeking restitution or injunctive relief. But Plaintiffs provide thorough allegations detailing why money damages through their legal claims do not provide an adequate remedy, and why injunctive relief and restitution are needed. And, in the event that the Court finds otherwise, the Court should heed the instruction from the Ninth Circuit and dismiss the equitable relief claims without prejudice so that Plaintiffs can refile their equitable relief claims in state court.

Defendant also moves to dismiss Plaintiffs' quasi-contract claims. Defendant's only additional argument relies on attacking the truth of Plaintiffs' price premium allegations, which should be rejected at the pleading stage, where factual allegations must be taken as true and reasonable inferences must be drawn in Plaintiffs' favor.

## II. The Court has equitable jurisdiction.

Plaintiffs seek equitable relief under the UCL, the FAL, the CLRA, and through their quasi-contract claim.[1] According to Defendant, Plaintiffs "have an adequate remedy at law: damages." Mot. at 6. Defendant claims, as a result, that the Court lacks equitable jurisdiction under *Sonner v.*

---

[1] The CLRA provides for both equitable and legal relief. Civ. Code § 1780. Accordingly, if the Court concludes it lacks equitable jurisdiction, Plaintiffs' CLRA claims should not be dismissed because Plaintiffs can and do pursue legal remedies under the CLRA. *See* 3AC ¶¶ 118-122 (plaintiffs seek monetary damages under the CLRA).

Plaintiffs' Opposition to Defendant's    1    Case No. 5:23-cv-02331-NC
Motion to Dismiss Third Amended Complaint

*Premiere Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), and its progeny, and that Plaintiffs' equitable claims should be dismissed with prejudice.

Defendant's arguments fail on multiple levels. The Court has equitable jurisdiction because damages cannot remedy future harms from ongoing violations; an injunction is required for that. The Court also has equitable jurisdiction because the legal remedies Plaintiffs can pursue do not adequately address past harms; equitable remedies like restitution are required for that. Moreover, the proper result when a federal court lacks equitable jurisdiction is not dismissal "with prejudice" because Plaintiffs can reassert their equitable claims in California state court, where the federal equitable jurisdiction doctrine does not apply.

      **A.**    **The Court has equitable jurisdiction because Plaintiffs' legal remedies cannot possibly redress future harms.**

For each of their equitable claims, Plaintiffs seek prospective injunctive relief prohibiting Defendant from continuing to engage in its deceptive price advertising.[2] Third Amended Complaint ("3AC") ¶¶ 101, 117, 140, 174. In *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), the Ninth Circuit examined what a consumer is required to allege, when asserting claims under California's consumer protection laws in federal court, to seek an injunction. "[A] previously deceived consumer may have [Article III] standing to seek an injunction against false advertising or labeling . . . because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm. . . . [This may take the form of] the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70 (citations omitted). Plaintiffs here allege that they are unable to rely on Defendant's advertising or labeling in the future, and so they cannot purchase products they would otherwise like to, satisfying *Davidson*. 3AC ¶¶ 58, 61, 64, 68, 72, 82. "[L]egal damages are inadequate to remedy the "future harm that Plaintiffs face" because "without an injunction, Plaintiff[s have] no realistic way to know which—if any—of Defendant's

---

[2] Federal courts in California have allowed plaintiffs to pursue injunctive relief under quasi-contract claims. *See Gamez v. Toyota Motor Sales, U.S.A., Inc.*, 2024 U.S. Dist. LEXIS 3792, at *55 (E.D. Cal. Jan. 5, 2024) (denying "defendants' motion to dismiss plaintiffs' unjust enrichment claim seeking an injunction"). Defendant cites no case holding to the contrary.

regular prices, discounts, and sales are not false or deceptive. Thus, they are unable to rely on Defendant's advertising in the future." *Id.* ¶ 82. Defendant does not argue in its Motion that *Davidson*'s requirements are not met.

  Despite Plaintiffs' alleging precisely what the Ninth Circuit held was sufficient to pursue an injunction in a consumer protection class action case in *Davidson*, Defendant argues more is required. Defendant seeks to apply *Sonner*'s equitable jurisdiction requirement to injunctive relief and argues that money damages adequately remedy the future harms that would be addressed by an injunction. Mot. at 10. The Ninth Circuit has never endorsed Defendant's argument—indeed, neither *Sonner* nor *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308 (9th Cir. 2022) (the other recent Ninth Circuit decision addressing equitable jurisdiction), considered injunctive relief at all. *See Sonner*, 971 F.3d at 842 ("Injunctive relief is not at issue."). And while Defendant cites a handful of district courts that overread *Sonner* (most shortly after *Sonner* was decided) to bar injunctive relief when money damages "may" remedy future harms, "[m]any other courts post-*Sonner*, however, have held that '[m]oney damages are an inadequate remedy for [the] future harm' only remediable by injunctive relief" because money damages do not remedy prospective harm. *Linton v. Axcess Fin. Servs.*, 2023 U.S. Dist. LEXIS 113669, at *6 (N.D. Cal. June 30, 2023) (first alteration added); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) ("[M]onetary damages for past harm are an inadequate remedy for the future harm that an injunction under California consumer protection law is aimed at."); *Andino v. Apple, Inc.*, 2021 U.S. Dist. LEXIS 76011, at *15 (E.D. Cal. Apr. 20, 2021) ("Money damages are an inadequate remedy for future harm, as they will not prevent Defendant from continuing the allegedly deceptive practice."); *Brooks v. Thomson Reuters Corp.*, 2021 U.S. Dist. LEXIS 154093, at *34-35 (N.D. Cal. Aug. 16, 2021) (same); *Sanchez v. Sams West, Inc.*, 2022 U.S. Dist. LEXIS 102560, at *10 (C.D. Cal. Mar. 8, 2022) ("As a general matter, legal damages are typically inadequate to remedy the future harms from ongoing violations."); *Kaaron v. Warren v. Whole Foods Mkt. Cal., Inc.*, 2022 U.S. Dist. LEXIS 120865, at *26 (N.D. Cal. July 8, 2022) ("[B]ecause the injunctive relief that Plaintiffs request 'is prospective' and their 'remedy at law, damages, is retrospective,' their claim for an injunction does not appear to be barred by *Sonner*."); *Nacarino v. Chobani, LLC*, 2021 U.S. Dist. LEXIS 149153, at *35 (N.D. Cal. Aug. 9, 2021)

Plaintiffs' Opposition to Defendant's
Motion to Dismiss Third Amended Complaint    3    Case No. 5:23-cv-02331-NC

("[C]ourts have rightly emphasized that 'retrospective damages are not an adequate remedy for th[e] prospective harm' that injunctions are designed to prevent."); *Kryzhanovskiy v. Amazon.com Servs.*, 2022 U.S. Dist. LEXIS 115025, at *11 (E.D. Cal. June 28, 2022) (*Sonner* "does not bar the issuance of an injunction to prevent *future* harms."); *Rice v. Kimberly-Clark Corp.*, 2022 U.S. Dist. LEXIS 203355, at *9-10 (E.D. Cal. Nov. 7, 2022) (same); *Chaplin v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 132648, at *16-17 (N.D. Cal. May 25, 2023) (same).

As the latter set of cases explain: "'simply having *any* remedy at law is not sufficient to foreclose equitable relief; instead the relief must be *adequate*.' [Citation]. Therefore, while the availability of monetary damages forecloses certain types of injunctive relief, including specific performance of a contract, 'California's consumer protection laws permit courts to issue injunctions that serve different purposes and remedy different harms than retrospective monetary damages.'" *Linton*, 2023 U.S. Dist. LEXIS 113669, at *6-7 (quoting *Zeiger*, 526 F. Supp. 3d at 687). Plaintiffs seek injunctive relief specifically to remedy the prospective, future harms caused by Defendant's continuing violations of California's consumer protection laws. *See* 3AC ¶ 82. Plaintiffs cannot rely on Defendant's advertising in the future, and so cannot purchase products they otherwise would like to purchase. *Id.* Money damages cannot remedy that, and Defendant makes no effort to explain how they could.

In *Clark v. Eddie Bauer LLC*, 2024 U.S. App. LEXIS 1066 (9th Cir. Jan. 17, 2024), a Ninth Circuit panel considered this issue in the context of a fake discount case like this one in an unpublished opinion. The Court of Appeals found that "[t]he injunctive relief requested in [plaintiff's] complaint was to . . . prevent [defendant] from engaging in misleading pricing schemes in the *future* . . . [so the] injunctive relief does not seek 'the same amount of money for the exact same harm' that [plaintiff] had suffered in the past." *Id.* at *7. The *Clark* panel considered the same argument that Defendant makes here—"that both 'past and future harms . . . are financial and both can be cured by the monetary damages'"—and rejected it, finding that the district court committed reversible error. *Id.* at *7-8; *compare with* Mot. at 10-11 (arguing monetary damages can cure Plaintiffs' future harms). Thus, Defendant's injunctive-relief arguments have been repeatedly

rejected by California federal courts, including by a Ninth Circuit panel in a fake discount case like this one, and these arguments should be rejected again here.

Moreover, as several courts in this circuit have recognized, because the Court has equitable jurisdiction over Plaintiffs' equitable claims due to availability of injunctive relief, the Court also has equitable jurisdiction over Plaintiffs' request for other equitable relief like restitution for those same claims. "[E]quity jurisdiction does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause." *Guzman*, 49 F.4th at 1314 (internal quotes and citation omitted). When the Court already must "decide the cause" because some form of equitable relief is available in federal court (here, an injunction) then it "ought to" assume equitable jurisdiction over the entire claim, including the portions of the claims seeking relief like equitable restitution.

*Freund v. HP, Inc.*, 2023 U.S. Dist. LEXIS 139822 (N.D. Cal. Aug. 10, 2023) is instructive. There, the court rejected the defendant's attempt to strike the plaintiffs' claims seeking equitable restitution when "Plaintiffs[] have shown that the Court has equitable jurisdiction over the claims based on Plaintiffs' request for injunctive relief." *Id.* at *24-25. Other courts have applied the same reasoning. *See Steen v. Am. Nat'l Ins. Co.*, 609 F. Supp. 3d 1066, 1075-76 (C.D. Cal. 2022) (denying motion to dismiss UCL claim for restitution after concluding that the court had equitable jurisdiction to hear UCL claim for injunction); *Haas v. Travelex Ins. Servs.*, 555 F. Supp. 3d 970, 976 (C.D. Cal. 2021) (denying motion for judgment on the pleadings on same basis); *see also Mier v. CVS Pharm., Inc.*, 2021 U.S. Dist. LEXIS 76737, at *33-37 (C.D. Cal. Mar. 22, 2021) (finding equitable jurisdiction based on request for injunction and denying motion to dismiss UCL and FAL claims seeking restitution). This outcome makes sense. It is far more efficient for the Court to exercise jurisdiction over all parts of an equitable claim when it has jurisdiction over any, as in *Freund*, because the alternative is inefficient piecemeal litigation across multiple courts that address identical issues under the same laws. Indeed, should the Court find that Plaintiffs may not pursue restitution or other equitable remedies in federal court and dismisses those portions of Plaintiffs' claims, Plaintiffs can refile in state court, where under California law they need not show an inadequate remedy at law to recover under the UCL and FAL. *California v. Altus Fin.*, 36 Cal. 4th 1284, 1303 (Cal. 2005)

("[T]he fact that there are alternative remedies under a specific statute does not preclude a UCL [equitable] remedy, unless the statute itself provides that the remedy is to be exclusive." (citing Cal. Bus. & Profs. Code § 17205)). Such duplicative litigation based on the same underlying facts and alleging violations of the same statutes—but seeking different relief—is inefficient and needlessly risks inconsistent rulings.

Thus, the Court has jurisdiction to hear Plaintiffs' equitable claims for injunctive relief through their quasi-contract, CLRA, UCL, and FAL claims. And, because the Court has equitable jurisdiction over those claims, Plaintiffs may pursue all equitable remedies available, including restitution.

### B. The Court has equitable jurisdiction over Plaintiffs' equitable claims because legal remedies are inadequate to redress past harms too.

The Court also has equitable jurisdiction because Plaintiffs have sufficiently alleged that available legal remedies do not adequately remedy past harms. Neither *Sonner* nor *Guzman* considered equitable jurisdiction at the pleading stage; *Sonner* was decided on the eve of trial and *Guzman* on summary judgment. So courts in this Circuit have arrived at the consensus that "*Sonner* provides limited guidance for pleading claims for legal and equitable relief" and they "do not consider *Sonner* to impose strict requirements at the pleading stage." *See Junhan Jeong v. Nexo Fin. LLC*, 2022 U.S. Dist. LEXIS 10089, at *92 (N.D. Cal. Jan. 19, 2022) (collecting cases); *Gonzalez v. Childs. Place, Inc.*, 2024 U.S. Dist. LEXIS 213358, at *25-27 (C.D. Cal. Nov. 21, 2024) (collecting cases). "[I]f a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case." *Johnson v. Trumpet Behavioral Health, LLC*, 2022 U.S. Dist. LEXIS 3706, at *9-10 (N.D. Cal. Jan. 7, 2022); *Meza v. Coty, Inc.*, 2023 U.S. Dist. LEXIS 71163, at *29 (N.D. Cal. Apr. 24, 2023) (Cousins, J.) (denying a *Sonner* challenge at the motion to dismiss stage as "premature" and recognizing that "plaintiffs can allege [equitable] claims in the alternative [to legal claims] at the pleading stage"). Here, each Plaintiff alleged that they lack an adequate legal remedy and thus require equitable remedies like restitution, 3AC ¶ 78, which satisfies *Sonner* at the pleading stage, *Chebul v. Tuft & Needle, LLC*, 2024 U.S. Dist. LEXIS 226100, at *7-9 (C.D. Cal.

Oct. 9, 2024) (denying *Sonner* challenge at the pleading stage based on allegations materially similar to those Plaintiffs allege here).

Plaintiffs go further, and allege how legal damages are inadequate and why equitable relief for past harms is needed. To begin, a legal remedy is inadequate if "the equitable restitution [Plaintiffs'] request would go beyond the damages available." *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *Steen v. Am. Nat'l Ins. Co.*, 2022 U.S. Dist. LEXIS 116406, at *17 (C.D. Cal. June 30, 2022) (*Sonner* does not foreclose seeking equitable relief unless "completely duplicative of the plaintiff's legal claims"). In other words, damages are inadequate where the measure of damages (Plaintiffs' loss) differs from the measure of restitution (Defendant's unjust gain).

Here, the money damages available for Plaintiffs' claims differ from the measure of restitution. For their legal claims, Plaintiffs seek "expectation damages," "punitive damages," "and/or damages measured by the price premium charged to Plaintiffs and the" class or subclass. 3AC ¶¶ 118-122 (CLRA), 151 (breach of contract), 159 (breach of express warranty), 167 (breach of implied warranty), 184 (intentional misrepresentation).[3] Damages are measured by the harm to Plaintiffs and the class, and so a full refund is available through money damages only if the products purchased were worthless. *See Chebul*, 2024 U.S. Dist. LEXIS 226100, at *7; 3AC ¶ 80. That is not the case here, where Plaintiffs and the class received functional window treatments (albeit window treatments not worth the price paid and sold at an inflated price).

But a full refund is permitted through equity when a consumer only purchased a product from Defendant in the first place because of Defendant's deception or fraud. 3AC ¶ 80; *e.g.*, *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 637-38 (S.D. Cal. 2015) (rejecting argument that a full refund is available only when the product purchased is worthless, instead recognizing that "the court may exercise its broad discretion to craft a restitutionary remedy that will" "return the plaintiff to the status quo"); *Krueger v. Wyeth, Inc.*, 396 F. Supp. 3d 931, 953-54 (S.D. Cal. 2019) (denying summary judgment on full-refund restitutionary theory when there was "a genuine issue of material

---

[3] Contrary to Defendant's brief, Mot. at 6, Plaintiffs do not allege that they seek a full refund through their legal claims.

fact as to whether a reasonable consumer would have purchase[d] Defendants' products" absent misrepresentations). Other courts in this Circuit, including courts considering fake discount claims like those Plaintiffs bring here, have rejected *Sonner* based on materially similar allegations. *See, e.g.*, *Murphy v. Olly Pub. Ben. Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023) (rejecting *Sonner* challenge based on availability of full refund through restitution); *Chebul*, 2024 U.S. Dist. LEXIS 226100, at *7-9 (same in fake discount case); *see also French v. Banana Republic LLC*, 2024 U.S. Dist. LEXIS 200279, 6-7 (N.D. Cal. Nov. 4, 2024) (rejecting *Sonner* argument at pleading stage, because "[t]he right time to work" out whether "plaintiffs would ultimately be able to recover a full refund" is "either at summary judgment or at the pretrial conference").

Additionally, full refund restitution is available through rescission. Rescission is an equitable remedy available under California's consumer protection statutes. *In re PFA Ins. Mktg. Litig.*, 696 F. Supp. 3d 788, 818-19 (N.D. Cal. 2021). Through rescission, the Court can "cancel or annul" the parties' contract, returning the parties to the status quo. *In re Finisar Corp. Deriv. Litig.*, 2012 U.S. Dist. LEXIS 97807, at *69-70 (N.D. Cal. July 12, 2012). The result of rescission here is that Plaintiffs would have the option to receive a full refund in restitution in exchange for returning the products they purchased from Defendant. No analogous remedy, let alone an identical one, is available in law.

A legal remedy is also inadequate if the legal claims "require proof of conduct beyond that which must be shown to establish liability under the [equitable claims]." *Elgindy v. AGA Serv. Co.*, 2021 U.S. Dist. LEXIS 61269, at *48 (N.D. Cal. Mar. 29, 2021) (citing *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937)). Here, Plaintiffs' legal claims require additional proof beyond their equitable claims. For instance, "Plaintiffs' FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past 90 days." 3AC ¶ 79 (citing Cal. Bus. & Prof. Code § 17501). "Plaintiffs may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of their legal claims." *Id.*

*Ostrovskaya v. St. John Knits, Inc.*, 2022 U.S. Dist. LEXIS 100861, at *11 (C.D. Cal. Mar. 31, 2022), another case involving fake discounts, is instructive. There, like here, the plaintiff challenged the defendant's deceptive discounts and sought equitable restitution and damages. The court rejected the defendant's attempt to dismiss the equitable claims, and distinguished cases alleging fake discounts from other types of consumer class actions. The court explained that section 17501 involves "straightforward factual elements," and held that the plaintiff may be able to show such elements and "thus prevail under the FAL," without being able "to convince a jury of the more subjective claim that 'members of the public are likely to be deceived,'" as required by the CLRA. *Id.* at *12; *see also Chebul*, 2024 U.S. Dist. LEXIS 226100, at *7-8 (same, in another fake discount case). The same reasoning applies here.

Finally, a legal remedy is inadequate if it is not as "equally prompt and certain and in other ways efficient" as an equitable remedy. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937) ("A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient."). At the pleading stage, "it is sufficient for Plaintiffs to allege that restitution 'would be more certain . . . than the legal remedies they request.'" *Ablaza v. Sanofi-Aventis United States LLC*, 2023 U.S. Dist. LEXIS 68391, at *6 (N.D. Cal. Apr. 13, 2023) (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020)). Plaintiffs allege that their legal remedies are not "equally prompt or otherwise efficient" because resolution of their legal claims may be delayed (or less efficient) by scheduling a jury trial and trying the case before a jury. 3AC ¶ 81.

Accordingly, because Plaintiffs' equitable remedies go beyond available legal remedies, because their legal claims require different proof that may be more difficult to satisfy, and because resolution of Plaintiffs' claims will not be equally prompt or efficient, Plaintiffs' claims for equitable restitution are not foreclosed by *Sonner*.

**C.      Defendant improperly requests dismissal "with prejudice."**

Defendant repeatedly asks the Court to commit reversible error and ignore binding Ninth Circuit precedent by dismissing Plaintiffs' equitable relief claims "with prejudice." *See* Mot. at 1; Dkt. 99-1 (proposed order). As explained above, the Court has equitable jurisdiction over all Plaintiffs' equitable claims. But if the Court disagrees, any dismissal of Plaintiffs' equitable claims

Plaintiffs' Opposition to Defendant's          9          Case No. 5:23-cv-02331-NC
Motion to Dismiss Third Amended Complaint

must be without prejudice. The Ninth Circuit, recognizing that California state courts are not bound by *Sonner*'s equitable jurisdiction requirement (which is based on federal common law), has instructed district courts lacking equitable jurisdiction to "dismiss [equitable claims] without prejudice to refiling the same claim[s] in state court" because "a California court might allow [plaintiffs] to pursue [their equitable] claim[s]." *Guzman*, 49 F.4th at 1314-15 (reversing district court's dismissal with prejudice and remanding with instructions to dismiss without prejudice); *see, e.g.*, *Gumner v. Pepsico, Inc.*, 2023 U.S. Dist. LEXIS 214510, at *13 (C.D. Cal. Nov. 29, 2023) (dismissing plaintiff's UCL claim for restitution without prejudice "should he wish to refile it in state court"); *Rodriguez v. Equal Exch., Inc.*, 2024 U.S. Dist. LEXIS 58982, at *27 (S.D. Cal. Mar. 31, 2024) (dismissing plaintiff's "request for restitution" without "prejudice to being raised in state court"); *Chaplin v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 132648, at *18 n.5 (N.D. Cal. May 25, 2023) (collecting cases where courts "cited [the Ninth Circuit's decision in] *Guzman* and dismissed [] restitution claims without prejudice to be refiled in state court.").

### III.     Plaintiffs adequately allege quasi-contract claims.

In its Order on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, the Court dismissed Plaintiffs' quasi-contract claims with leave to amend because the Court found that (1) Plaintiff did not adequately allege their unjust enrichment claims in the alternative; and (2) Plaintiff did not adequately explain how Defendant's price discounts resulted in Defendant's products being sold for a price premium. Dkt. 69 at 16-17. Plaintiffs cured both of these issues in the Second Amended Complaint and the Third Amended Complaint.[4]

In the operative Complaint, Plaintiffs allege that they "bring this [quasi-contract] claim in the alternative to their legal claims." 3AC ¶ 170. They also allege, "([i]n the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiffs are void or voidable." *Id.* ¶ 171; *see also id.* ¶¶ 57, 60, 63, 66, 70 (alleging Plaintiffs' reliance on Defendant's misrepresentations); *Philips Med. Capital, LLC v. Medical Insights Diagnostics Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1044 (N.D.

---

[4] The Court did not address Defendant's quasi-contract arguments in its Order granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 89). Defendant reraises those arguments in its latest Motion. *See* Mot. at 11-12.

Cal. 2007) (explaining fraud renders contract voidable). At this stage, these allegations satisfy Plaintiffs' pleading burden to sustain a quasi-contract/unjust enrichment cause of action in the alternative, and Defendant does not argue otherwise. *See* Mot. at 11-12.

Plaintiffs also amended their complaint to further expand on their price premium allegations. The Third Amended Complaint explains how Defendant's misrepresentations allow it to charge a price premium: "Defendant's advertisements artificially increase consumer demand for Defendant's Products. This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations." 3AC ¶ 55; *see id.* ¶¶ 57, 60, 63, 67, 71 (alleging that Plaintiffs each paid a price premium because of the increased demand caused by Defendant's deceptive price advertising); *id.* ¶ 172. Because "Plaintiffs and the class paid more for the Products they bought than they otherwise would have" absent Defendant's misrepresentations, *id.* ¶ 55, "Defendant received a direct and unjust benefit from its false and misleading advertising at Plaintiffs' and the class's expense," *id.* ¶ 173. And, though not required at this stage, Plaintiffs cite empirical support for these allegations. *Id.* ¶¶ 52-54 & n.1-3 (citing articles and surveys demonstrating that discounts drive demand for consumer goods).[5]

Defendant attempts to cast Plaintiffs' price premium allegations as speculation and attacks the truth of the allegations. Mot. at 12. But Plaintiffs' price premium allegations are not speculation; these are factual allegations supported by economic theory and literature that must be accepted as true at the pleading stage. *Retail Prop. Trust v. United Bd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). A

---

[5] Although not at issue in this Motion, Plaintiffs have also served their expert reports in support of class certification, including an expert report describing in great detail how Plaintiffs plan to measure and calculate the price premium attributable to Defendant's fake discount representations.

motion to dismiss is not the proper medium for challenging the merits of Plaintiffs' price premium theory, as Defendant attempts here.[6]

Defendant made these same arguments challenging the identical price premium allegations in a motion to dismiss in *Fitzgerald et al. v. The Shade Store LLC*, Case No. 2:23-cv-01435-RSM (W.D. Wash.), another fake discount case against The Shade Store based on materially similar facts.[7] In *Fitzgerald*, the plaintiffs alleged in the then-operative complaint that "Defendant's advertisements artificially increase consumer demand for Defendant's Products. This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations described above." First Amended Complaint, *Fitzgerald*, Case No. 2:23-cv-01435-RSM (Dkt. 29) ¶ 49; *compare with* 3AC ¶ 55. The *Fitzgerald* court rejected Defendant's argument, instead holding that Plaintiff Fitzgerald's complaint included "detailed factual allegations explaining" how Defendant's misrepresentations create a price premium for its products. *Fitzgerald v. The Shade Store LLC*, 2024 U.S. Dist. LEXIS 131839, at *6-7 (W.D. Wash. July 25, 2024) (quoting *Fitzgerald* First Amended Complaint). These well-pleaded, "detailed factual allegations," *id.*, must be accepted as true here too. So Plaintiffs have adequately pleaded their price premium theory and their unjust enrichment claim.

## IV. Conclusion.

For the reasons given above, Defendant's fourth Motion to Dismiss should be denied in its entirety.

---

[6] Defendant argues that Plaintiffs do not allege that it actually charged a price premium. Mot. at 12. Defendant ignores Plaintiffs' allegations, where they alleged that Defendant "received a direct and unjust benefit" from the price premium for its products due to its deceptive price advertising. *See, e.g.*, 3AC ¶¶ 172-73.

[7] Plaintiffs' counsel also represent the plaintiffs in the *Fitzgerald* action.

Dated: January 31, 2025

Respectfully submitted,

By: */s/ Martin Brenner*
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*