UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON CROWDER, et al.,

Plaintiffs,

v.

THE SHADE STORE, LLC,

Defendant.

Case No. 23-cv-02331-NC

**ORDER DENYING MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Re: Dkt. Nos. 99, 104, 105

Plaintiffs Sharon Crowder, Joel Lumian, Robert Smith, Amanda Goldwasser, and Mark Elkins bring a putative class action alleging Defendant The Shade Store deceptively advertises its products as discounted through false strikethrough pricing and purported time-limited sales. Defendant moves to dismiss Plaintiffs' claims for violations of California's False Advertising Law (FAL), California's Consumer Legal Remedies Act (CLRA), and California's Unfair Competition Law (UCL), and for quasi-contract/unjust enrichment from the third amended complaint for lack of equitable jurisdiction and failure to state a claim. The Court DENIES Defendant's motion to dismiss.

**I.   BACKGROUND**

The Court provides only a brief summary of the facts alleged, which are recounted more fully in previous orders. *See* ECF 46, 69, 89. Defendant makes, sells, and markets window covering products and accessories, including blinds, shades, and drapes. ECF 94 (TAC) ¶¶ 7, 27. Plaintiffs allege the advertisements and price quotes available through all

of Defendant's direct-to-consumer sales channels are deceptive in two ways. TAC ¶¶ 28–29. First, Defendant advertises sales for 15-20% off all products that are purportedly time-limited but actually continuous. TAC ¶¶ 30–34. Second, Defendant lists fake prices and fake discounts for its products by showing a purported regular price (reference or strikethrough price), e.g., $350, and a discounted price, e.g. $298. TAC ¶¶ 35, 39. However, Plaintiffs allege the reference prices are not the products' prevailing prices because the products are always advertised at a discount. TAC ¶¶ 37, 39.

Plaintiffs bring this action on behalf of a putative nationwide and California class of consumers who "purchased one or more The Shade Store Products advertised at a discount." TAC ¶ 83. The Court granted in part and denied in part Defendant's motions to dismiss the initial, first, and second amended complaints. ECF 46, 69, 89. Plaintiffs filed a third amended complaint, adding Elkins as a named plaintiff. TAC. Defendant filed a motion to dismiss the third amended complaint. ECF 99 (Mot.). Plaintiffs opposed, ECF 104 (Opp'n), and Defendant replied, ECF 105 (Reply). All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). ECF 7, 17, 53, 71, 95.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1   alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted

2   unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v.*

3   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.    DISCUSSION**

Defendant moves to dismiss Plaintiffs' FAL, CLRA, UCL, and quasi-contract/unjust enrichment claims for equitable relief, arguing the Court lacks equitable jurisdiction because Plaintiffs fail to sufficiently allege they lack adequate legal remedies for past or future harms. Mot. 5–11. Defendant also argues Plaintiffs fail to sufficiently allege a claim for quasi-contract/unjust enrichment. Mot. 11–12. The Court denies Defendant's motion as to each argument.

**A.    The Court has Equitable Jurisdiction over Plaintiffs' FAL, CLRA, UCL, and Quasi-Contract/Unjust Enrichment Claims (First, Second, Third, and Seventh Claims)**

A court must have equitable jurisdiction to hear the merits of an equitable claim. *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 768 (N.D. Cal. 2022) (*citing Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022)). To establish equitable jurisdiction and recover equitable relief, a plaintiff must plead and show a lack of adequate remedies at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021).

Defendant previously argued that Plaintiffs failed to sufficiently allege they lack an adequate legal remedy—namely, damages—for past harms such that their equitable claims must be dismissed. ECF 75 at 9–11. The Court found Plaintiffs did not allege which of their claims sought equitable relief, nor what type of equitable relief, so it could not assess whether it retained equitable jurisdiction. ECF 89 at 10. The Court dismissed Plaintiffs' claims for equitable relief with leave to amend. ECF 89 at 10. Following amendment, Plaintiffs now "seek all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged" for their FAL, CLRA, UCL, and quasi-contract/unjust enrichment claims. TAC ¶¶ 101, 117–22, 140, 174. Plaintiffs' CLRA claim also seeks "all monetary

3

1   relief available," including various types of monetary damages. TAC ¶¶ 118–22.
2   Defendant renews their argument that Plaintiffs fail to sufficiently allege they lack an
3   adequate legal remedy, this time as to both past and future harm. The Court disagrees and
4   finds that, at the pleading stage, Plaintiffs plausibly allege they lack an adequate legal
5   remedy to establish equitable jurisdiction over their claims for restitution for past harm and
6   injunctive relief for future harm.

### 1.   Restitution for Past Harm

Plaintiffs "seek equitable remedies in the alternative because they have no adequate remedy at law." TAC ¶ 78. Plaintiffs allege legal damages are inadequate to redress their past harms because they are not as "certain," "equally prompt or otherwise efficient" as restitution. TAC ¶¶ 79–81. They also allege the "elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims," including because "Plaintiffs must show that the Products they purchased have essentially no market value" to obtain a full refund as damages, which they do not have to show to obtain a full refund as restitution. TAC ¶¶ 79–80. Defendants argue Plaintiffs' allegations that restitution is more certain, prompt, and efficient are insufficient to establish equitable jurisdiction, and that "Plaintiffs' equitable and legal claims seek 'the same amount of money for the exact same harm.'" Mot. 6–7.

As the parties' briefs indicate, courts within the Ninth Circuit are divided as to the allegations required to establish inadequate remedies at law for past harm at the pleading stage. *Compare Norman v. Gerber Prods. Co.*, No. 21-cv-09940-JSW, 2023 WL 2633220, at *2 (N.D. Cal. Mar. 24, 2023) (requiring plaintiff to demonstrate "an inherent limitation of the legal remedy that renders it inadequate"), *with Shuman v. SquareTrade Inc.*, No. 20-cv-02725-JCS, 2021 WL 5113182, at *10–11 (N.D. Cal. Nov. 3, 2021) (rejecting a claim for restitution that the plaintiffs alleged was more certain, prompt, and efficient where it was not based on a different legal theory and facts than their claim at law), *with Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-cv-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (finding a plaintiff usually only needs to allege they lack an adequate remedy

4

at the pleading stage) and "require far less at the pleading stage." Here, the Court finds, as other courts have, that Plaintiffs' allegations that damages are inadequate because restitution is more certain, prompt, and efficient are sufficient at the pleading stage. *See Valiente v. Simpson Imports, Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024); *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023); *Elgindy v. AGA Serv. Co.*, No. 20-cv-06304-JST, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 28, 2021). This is particularly so considering multiple judges within this district have begun to reverse course from their previous decisions requiring stricter allegations at the pleading stage to establish equitable jurisdiction over claims for past harms. *See Ablaza v. Sanofi-Aventis U.S. LLC*, 21-cv-01942-JST, 2022 WL 19517298, at *3 (N.D. Cal. July 12, 2022) ("More recently, however, after a review of cases from other district courts in the Ninth Circuit, the Court has determined [a] more nuanced approach is appropriate."); *French v. Banana Republic LLC*, No. 24-cv-05216-VC, 2024 WL 4682312, at *2 (N.D. Cal. Nov. 4, 2024) ("On further consideration," allegations are sufficient "so long as the plaintiff can articulate a basis for why there may (depending on how the litigation develops) not be an adequate remedy at law."). "Indeed, *Sonner*'s requirement makes the most sense at summary judgment, after a record has been developed." *French*, 2024 WL 4682312, at *2.

The Court therefore denies Defendant's motion to dismiss Plaintiffs' equitable claims for restitution for past harms and does not address their remaining arguments as to whether restitution allows for a full refund. *See* Mot. 7; Reply 3–4.

### 2. Injunctive Relief for Future Harm

Within the Ninth Circuit, courts have varied in their analysis of equitable jurisdiction over injunctive relief for future harm. *See Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2021 WL 3621837, at *10–11 (N.D. Cal. Aug. 16, 2021) (discussing split among courts in the circuit); *Kryzhanovskiy v. Amazon.com Servs., Inc.*, No. 21-cv-01292-DAD-BAM, 2022 WL 2345677, at *4–5 (E.D. Cal. June 29, 2022) (same). Specifically, some courts have applied the inadequate-remedy-at-law requirement to claims for injunctive relief and dismissed such claims, some courts have concluded the

1  requirement never applies to claims for injunctive relief for future harms, and still others
2  have concluded that the requirement applies to injunctive relief, but whether it bars
3  equitable jurisdiction or not depends on the purpose of the injunction and the adequacy of
4  the legal remedies available in the given case.  *Compare In re MacBook Keyboard Litig.*,
5  No. 18-cv-02813-EJD, 2020 WL 6047253, at *3–4 (N.D. Cal. Oct. 13, 2020) (dismissing
6  claim for injunctive relief where plaintiffs did "not explain" why consumers experiencing a
7  continuing harm "could not sufficiently be 'made whole' by monetary damages"), *with*
8  *Linton v. Axcess Fin. Servs., Inc.*, No. 23-cv-01832-CRB, 2023 WL 4297568, at *3 (N.D.
9  Cal. June 30, 2023) (finding equitable jurisdiction after "the Court decline[d] to extend
10 *Sonner's* inadequate-remedy-at-law requirement to [plaintiff's] injunctive relief claim"),
11 *with Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) (applying the
12 inadequate-remedy-at-law requirement to an injunctive relief claim and concluding "at
13 least on the facts of a case like this, California's consumer protection laws permit courts to
14 issue injunctions that serve different purposes and remedy different harms than
15 retrospective monetary damage").

16 　　　Here, Defendant argues the inadequate-remedy-at-law requirement applies to claims
17 for injunctive relief and precludes equitable jurisdiction over Plaintiffs' claims for
18 injunctive relief because "Plaintiffs have not alleged facts to explain why future harm from
19 TSS's alleged ongoing conduct 'cannot be remedied through money damages.'"  Mot. 10–
20 11 (citation omitted).  Plaintiffs, in turn, argue money damages are inadequate to remedy
21 future harms, including as applied to their allegations here because they seek an injunction
22 "to remedy the prospective, future harms caused by Defendant's continuing violations of
23 California's consumer protection laws."  Opp'n 3–4.

24 　　　Without deciding whether a claim for injunctive relief is always sufficient to
25 establish equitable jurisdiction, the Court finds Plaintiffs plausibly allege they lack an
26 adequate legal remedy for the continuing and future harms they seek to address with an
27 injunction.  Plaintiffs allege an ongoing or imminent threat of future harm because they
28 "would purchase or consider purchasing Products from Defendant again in the future if

6

they could feel sure that Defendant's . . . discounts were truthful." TAC ¶ 82. And they allege legal damages are inadequate to remedy this harm because, without an injunction, Plaintiffs "are unable to rely on Defendant's advertising in the future, and so cannot purchase Products they would like to purchase." TAC ¶ 82. The Court follows the reasoning of its peers in finding these allegations sufficient to establish equitable jurisdiction over Plaintiffs' claims for injunctive relief.

In *IntegrityMessageBoards.com v. Facebook, Inc.*, the court found monetary damages inadequate to address future harms because the "plaintiff had no factual basis to quantify its actual damages for future harm." No. 18-cv-05286-PJH, 2020 WL 6544411, at *7 (N.D. Cal. Nov. 6, 2020). That reasoning is equally applicable here; "At minimum, such calculation depends on how many [products] [Plaintiffs] would purchase but-for the challenged conduct and how much defendant would charge for such purchases. Plainly, both factors are unknown." *See id.* Moreover, the court in *Zeiger*, a case involving deceptive labelling on pet food, found that while "[d]amages would compensate Zeiger for his past purchases[,] [a]n injunction would ensure that he (and other consumers) can rely on [the defendant's] representations in the future." 526 F. Supp. 3d at 687. The same is true here. Plaintiffs allege that an injunction would remedy a different harm than damages for past purchases—namely, the harm that they "cannot rely on Defendant's advertising in the future, and so cannot purchase products they otherwise would like to purchase." *See* TAC ¶ 82; Opp'n at 4.

Multiple courts in other cases involving false advertising have found allegations akin to Plaintiffs' sufficient to establish equitable jurisdiction over claims for injunctive relief. *See, e.g.*, *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *2 (N.D. Cal. Mar. 28, 2024) (finding the plaintiff "sufficiently pled that retrospective monetary damages would be an inadequate remedy for his future harm" where he alleged he could not rely on the defendant's advertising and buy products he would like to purchase absent an injunction); *Nacarino v. Chobani, LLC*, No. 20-cv-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021) (finding retrospective

7

1    damages inadequate to remedy future harm where plaintiff sought to enjoin the defendant
2    "from continuing to conduct business through unlawful acts and practices and to
3    commence a corrective advertising campaign"); *Roper v. BigHeart Pet Brands, Inc.*, 510
4    F. Supp. 3d 903, 917–18 (E.D. Cal. 2020) (finding "'an ongoing, prospective nature to
5    [plaintiff's allegations]' given her contention that she and other future purchasers will
6    continue to be misled"); *Ary v. Target Corp.*, No. 22-cv-02625-HSG, 2023 WL 2622142,
7    at *5 (N.D. Cal. Mar. 23, 2023) (finding sufficient the plaintiff's allegations "that she
8    wants to purchase the Lidocaine Patches but cannot make informed decisions about
9    whether to purchase them as long as Defendant continues its current labeling practices").

10   In sum, the Court finds Plaintiffs sufficiently allege they lack an adequate legal
11   remedy for the continuing or future harm they seek to address with an injunction.  This is
12   especially so at this stage of the case where Plaintiffs do not yet need to "provide evidence
13   demonstrating that Defendant's failure to change its practices . . . could produce harm for
14   which legal relief is inadequate." *See Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 663
15   (N.D. Cal. 2020); *see also Roper*, 510 F. Supp. 3d at 918 ("Although monetary damages
16   may ultimately fully address plaintiff's harm . . . the court has not certified any class . . . .
17   Given that, the scope of any class, the identities of its members, and their respective []
18   purchasing practices also remain unknown.").

19   The Court therefore denies Defendant's motion to dismiss Plaintiffs' claims for
20   injunctive relief for lack of equitable jurisdiction.  The Court need not address Defendant's
21   remaining arguments that Plaintiffs cannot seek injunctive relief as part of a quasi-
22   contract/unjust enrichment claim.  *See* Mot. 9–10; Reply 9–10.

23   **B.   Plaintiffs Adequately Allege a Claim for Quasi-Contract/Unjust Enrichment (Seventh Claim)**
24

25   In the Court's previous order on Defendant's motion to dismiss the first amended
26   complaint, the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim because,
27   among other reasons, Plaintiffs did "not explain how the 'use of price *discounts* resulted in
28   payment of a price *premium*' to Defendant." ECF 69 at 17 (quoting *Vizcarra v. Michael's*

8

*Stores, Inc.*, No. 23-cv-0468-PCP, 2024 WL 64747, at *9 (N.D. Cal. Jan. 5, 2024)). This pleading deficiency is fatal to a quasi-contract claim because "[w]rongful conduct does not provide a basis for restitution unless there is a benefit unjustly retained by the defendant at the plaintiff's expense." *Vizcarra*, 2024 WL 64747, at *9 (citation omitted). Defendant argues that Plaintiffs' third amended complaint is subject to the same error and its quasi-contract/unjust enrichment claim must be dismissed. Mot. 11–12. The Court disagrees.

Plaintiffs allege Defendant's false advertising, pricing, and sales induce customers "to make purchases they otherwise would not have" and "artificially increase consumer demand for Defendant's Products." TAC ¶ 55. These forces allegedly put "upward pressure on the prices that Defendant **can** charge for its Products" such that "Defendant **can** charge a price premium" and receives a "direct and unjust benefit" at Plaintiffs' expense. TAC ¶¶ 55, 173 (emphasis added).

Defendant takes issue with Plaintiffs' use of the word "can" in these allegations, arguing the allegations are conclusory and speculative because Plaintiffs do not allege Defendant "**did** increase its prices based on the challenged conduct." Mot. 12 (emphasis in original); *see* Reply 14. Although admittedly imprecise language, Plaintiffs' use of the word "can" is not, in the Court's view, fatal to their claim, as Defendant argues. Rather, the Court reads Plaintiffs' complaint to allege that Defendant's unlawful tactics are what allows them to charge false and inflated prices, which Plaintiffs allege they do. *See* TAC ¶¶ 29–30, 35, 39. Plaintiffs further allege that consumers are more likely to make a purchase when given a discount, particularly if it is time-limited, and that "Plaintiffs and the class paid more for the Products they bought than they otherwise would have" as a result of Defendant's practices. TAC ¶¶ 53–55.

Taken as a whole, the Court finds Plaintiffs adequately allege Defendant's "price *discounts* resulted in payment of a price *premium*" by Plaintiffs. *See Vizcarra*, 2024 WL 64747, at *9; TAC ¶¶ 172–73. The Court declines to assess the accuracy of Plaintiffs' "microeconomic theory," as urged by Defendant, as doing so would require factual determinations inappropriate at the pleading stage. *See* Reply 13–14; Mot. 12.

9

## IV. CONCLUSION

The Court DENIES Defendant's motion to dismiss Plaintiffs' FAL, CLRA, UCL, and quasi-contract/unjust enrichment claims in the third amended complaint.

Defendant is ordered to file an answer to the third amended complaint by March 24, 2025. *See* Fed. R. Civ. P. 12. Plaintiffs must seek leave of the Court should they wish to further amend their complaint.

**IT IS SO ORDERED.**

Dated: March 10, 2025
_____
NATHANAEL M. COUSINS
United States Magistrate Judge