1

**LATHAM & WATKINS LLP**
Steven N. Feldman (Bar No. 281405)

2
 *steve.feldman@lw.com*
355 South Grand Avenue, Suite 100

3
Los Angeles, California 90071-1560
Telephone: +1.213.891.8790

4

5
Johanna Spellman (*pro hac vice*)
 *johanna.spellman@lw.com*

6
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611

7
Telephone: +1.312.777.7039

8
Kevin Jakopchek (*pro hac vice*)
 *kevin.jakopchek@lw.com*

9
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611

10
Telephone: +1.312.777.7244

11
Shlomo Fellig (*pro hac vice*)
 *shlomo.fellig@lw.com*

12
200 Clarendon Street
Boston, MA 02116

13
Telephone: +1.617.880.4636

*Attorneys for Defendant*

14
*The Shade Store, LLC*

15

16
**UNITED STATES DISTRICT COURT**

17
**NORTHERN DISTRICT OF CALIFORNIA**

18
**SAN JOSE DIVISION**

19

20
SHARON CROWDER, JOEL LUMIAN,
ROBERT SMITH, AMANDA

21
GOLDWASSER, and MARK ELKINS, each
individually and on behalf of all others

22
similarly situated,

23
                        Plaintiffs,

24
            v.

25
THE SHADE STORE, LLC,

26
                        Defendant.

27

28

Case 5:23-cv-02331-NC

**DEFENDANT THE SHADE STORE,
LLC'S ANSWER TO PLAINTIFFS'
THIRD AMENDED CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

Complaint Filed:    December 6, 2024

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1    Defendant The Shade Store, LLC ("The Shade Store" or "TSS"), by and through its

2    attorneys of record, respectfully submits this Answer and Affirmative Defenses to Plaintiffs' Third

3    Amended Class Action Complaint (Dkt. 94) ("Third Amended Complaint"), as follows:

4                                **GENERAL DENIAL**

5    Except as otherwise expressly stated herein, The Shade Store: (1) generally denies each

6    and every allegation in the Third Amended Complaint, including, without limitation, any

7    allegations contained in the introduction, headings, subheadings, unnumbered Paragraphs, and

8    footnotes; (2) specifically denies that it has caused Plaintiffs to suffer any harm, losses, or

9    damages; (3) denies any liability to Plaintiffs; and (4) declines to adopt or acknowledge as accurate

10   any defined terms in the Third Amended Complaint to the extent they constitute allegations

11   directed at The Shade Store. The Shade Store reserves the right to challenge the authenticity of all

12   sources and documents referred to or purportedly quoted from in the Third Amended Complaint,

13   and to assert that any of the sources or documents referred to or purportedly quoted from by

14   Plaintiffs in the Third Amended Complaint are covered by the attorney-client privilege, the work-

15   product doctrine, and/or otherwise applicable privileges. The Shade Store reserves the right to seek

16   to amend or supplement its Answer as may be necessary or appropriate.

17                          **RESPONSES TO SPECIFIC ALLEGATIONS**

18                                  **INTRODUCTION**

19   1.    Paragraph 1 consists of argument, or expert or legal conclusions, to which no

20   response is required. To the extent a response is required, The Shade Store lacks knowledge or

21   information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1,

22   and on that basis, denies them.

23   2.    Paragraph 2 consists of argument, or expert or legal conclusions, to which no

24   response is required. To the extent a response is required, The Shade Store lacks knowledge or

25   information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2,

26   and on that basis, denies them.

27   3.    Paragraph 3 contains legal conclusions, to which no response is required.  The

28   Shade Store states that Cal. Bus. & Prof. Code §§ 17500 and 17501 speak for themselves, and to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

the extent the allegations in Paragraph 3 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 3.

4.    Paragraph 4 contains legal conclusions, to which no response is required.  The Shade Store states that Cal. Civ. Code § 1770(a)(9), (13) speaks for itself, and to the extent the allegations in Paragraph 4 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 4.

5.    Paragraph 5 contains legal conclusions to which no response is required. The Shade Store states that 16 C.F.R. § 233.1 speaks for itself, and to the extent the allegations in Paragraph 5 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 5.

6.    Paragraph 6 contains argument or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 6.

7.    The Shade Store admits that it makes, sells, and markets custom window treatment products that are advertised on its website and in its showrooms. The Shade Store further admits that it offers in-home measurements and price quotes through its public website in various ways, including via a pop-up window on the homepage, chat, email, and a toll-free number. The Shade Store further admits that its products can be purchased through various channels, including its website, design consultants, and showrooms. The Shade Store states that the referenced website speaks for itself, and to the extent the allegations in Paragraph 7 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 7.

8.    The Shade Store admits that it advertises price discounts on its website. The Shade Store states that the referenced website speaks for itself, and to the extent the allegations in Paragraph 8 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations set forth in Paragraph 8.

9.    The Shade Store admits that it advertises price discounts on its publicly available website. The Shade Store states that the referenced website and screenshots set forth in Paragraph 9 speak for themselves, and to the extent the allegations in Paragraph 9 vary therefrom, The Shade

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 9, and therefore denies them. The Shade Store denies any remaining allegations in Paragraph 9.

10. The Shade Store admits that it advertises price discounts on price quotes, including quotes that The Shade Store provides through its website, in-person, over the phone, or through its design consultants before customers place an order, and that some quotes have included a price shown in strikethrough font. The Shade Store states that the referenced price quote and screenshots set forth in Paragraph 10 speak for themselves, and to the extent the allegations in Paragraph 10 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 10, and therefore denies all allegations concerning them. The Shade Store denies any remaining allegations in Paragraph 10.

11. The Shade Store admits that it advertises price discounts on product pages on its websites. The Shade Store states that the referenced website and screenshot set forth in Paragraph 11 speak for themselves, and to the extent the allegations in Paragraph 11 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 11, and therefore denies all allegations concerning them. The Shade Store denies any remaining allegations in Paragraph 11.

12. The Shade Store denies all allegations in Paragraph 12.

13. Paragraph 13 contains argument or legal conclusions to which no response is required. To the extent a response is required, The Shade Store admits that Sharon Crowder, Joel Lumian, Robert Smith, Amanda Goldwasser, and Mark Elkins bought Products from The Shade Store. The Shade Store further admits that Ms. Crowder ordered products through The Shade Store's website. The Shade Store further admits that a The Shade Store design consultant provided a price quote to Mr. Lumian and conducted an in-person measurement at a home at his request before he placed his order. The Shade Store further admits that it provided a price quote to Mr. Smith and that Mr. Smith visited one of The Shade Store's brick-and-mortar showrooms before he placed his order. The Shade Store further admits that a The Shade Store design consultant provided a price quote to Ms. Goldwasser before she placed an order. The Shade Store further admits that a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

The Shade Store design consultant provided a price quote to Mr. Elkins before he placed his order. The Shade Store states that the price quotes referenced in Paragraph 13 speak for themselves, and to the extent the allegations in Paragraph 13 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and on that basis, denies them.

14. Paragraph 14 consists of argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that basis, denies them. The Shade Store specifically denies that its advertisements harm consumers or contain false information or misrepresentations.

15. The Shade Store admits that Plaintiffs purport to bring this case on behalf of themselves and other consumers who purchased The Shade Store's Products. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent Paragraph 15 contains any other allegations, The Shade Store denies them.

## PARTIES

16. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, denies them.

17. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis, denies them.

18. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis, denies them.

19. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis, denies them.

20. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis, denies them.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 21.

22. The Shade Store admits the allegations of Paragraph 22.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

**JURISDICTION AND VENUE**

23.     Paragraph 23 contains legal conclusions to which no response is required. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response is required, The Shade Store admits that the Court has subject matter jurisdiction under CAFA. The Shade Store denies any remaining allegations in Paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store admits that The Shade Store has transacted business in California and that Plaintiffs purchased products from The Shade Store to be shipped to addresses in California. The Shade Store specifically denies that its products harm consumers or contain false information or misrepresentations. The Shade Store denies the remaining allegations in Paragraph 24 .

25.     The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, The Shade Store admits that it has advertised and sold products to customers in this District. The Shade Store denies the remaining allegations in Paragraph 25.

26.     The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, The Shade Store admits that it has advertised and sold products to customers in Monterey, California. The Shade Store denies the remaining allegations in Paragraph 26.

**FACTS**

27.     The Shade Store admits that it makes, sells, and markets custom window treatment products through various channels, including its website, a toll-free number, design consultants, and in showrooms. The Shade Store denies the remaining allegations in Paragraph 27.

28.     The Shade Store admits that it advertises price discounts on its website. The Shade Store states that the referenced website and screenshot set forth in Paragraph 28 speak for themselves, and to the extent the allegations in Paragraph 28 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshot set forth in Paragraph 28, and therefore denies all allegations concerning it. The Shade

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

Store denies the remaining allegations in Paragraph 28.

29.    The Shade Store admits that it includes price discounts on some of its price quotes, including some of the quotes offered through various channels before customers place an order, and that some of these discounts are shown in strikethrough font. The Shade Store denies the remaining allegations of Paragraph 29.

30.    The Shade Store admits that it advertises price discounts on its website, including percent-off discounts, and that it provides price quotes to customers. The Shade Store states that the referenced website, price quotes, and screenshots set forth in Paragraph 30 speak for themselves, and to the extent the allegations in Paragraph 30 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 30, and therefore denies all allegations concerning them. The remaining allegations consist of argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the remaining allegations of Paragraph 30.

31.    Paragraph 31 consists of argument or legal conclusions to which no response is required. To the extent a response is required, The Shade Store admits that it has advertised price discounts as ending on a specific date. The Shade Store denies the remaining allegations in Paragraph 31.

32.    The Shade Store states that the screenshots set forth in Paragraph 32 speak for themselves, and to the extent the allegations in Paragraph 32 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 32, and therefore denies all allegations concerning them. The Shade Store denies any remaining allegations in Paragraph 32.

33.    Paragraph 33 consists of argument or legal conclusions to which no response is required. The Shade Store states that the screenshots referenced in Paragraph 33 speak for themselves, and to the extent the allegations in Paragraph 33 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the allegations set forth and screenshots referenced in Paragraph 33, and therefore denies them. The

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

1  Shade Store denies any remaining allegations in Paragraph 33.

2      34.    The Shade Store admits that it advertised price discounts in price quotes provided

3  to customers through various channels. The Shade Store denies any remaining allegations in

4  Paragraph 34.

5      35.    The Shade Store denies the allegations in Paragraph 35.

6      36.    The Shade Store admits that it advertised the described sale through its website,

7  www.theshadestore.com, to potential customers. The Shade Store states that the screenshot set

8  forth in Paragraph 36 speaks for itself, and to the extent the allegations in Paragraph 36 vary

9  therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information

10 concerning the accuracy of the screenshot set forth in Paragraph 36, and therefore denies all

11 allegations concerning it. The Shade Store denies any remaining allegations in Paragraph 36.

12     37.    The Shade Store denies the allegations in Paragraph 37.

13     38.    The Shade Store admits that it offers price quotes to customers through various

14 sales channels, including through its website, showrooms, and design consultants, and including

15 quotes depicting percent-off price discounts. The Shade Store further admits that a The Shade

16 Store design consultant provided a price quote to Mr. Lumian before he made his purchase. The

17 Shade Store further admits that it provided a price quote to Mr. Smith and that Mr. Smith visited

18 one of The Shade Store's brick-and-mortar showrooms. The Shade Store states that the referenced

19 price quotes and screenshots set forth in Paragraph 38 speak for themselves, and to the extent the

20 allegations in Paragraph 38 vary therefrom, The Shade Store denies them. The Shade Store lacks

21 knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 38,

22 and therefore denies all allegations concerning them. The Shade Store lacks knowledge of

23 information sufficient to form a belief as to the truth or falsity of the remaining allegations in

24 Paragraph 38, and on that basis, denies them.

25     39.    Paragraph 39 contains argument, or expert or legal conclusions, to which no

26 response is required. To the extent a response is required, The Shade Store admits that it includes

27 terms related to promotions in price quotes sent to consumers. The Shade Store denies any

28 remaining allegations in Paragraph 39.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

8

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

40.     Paragraph 40 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 40.

41.     Paragraph 41 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store admits that it manufactures and sells custom window treatment products directly to customers, including at a price discount. The Shade Store lacks knowledge or information concerning the remaining allegations in Paragraph 41, and therefore denies them.

42.     The Shade Store admits that it sells products on various sales channels, including at a price discount. The Shade Store denies any remaining allegations in Paragraph 42.

43.     Paragraph 43 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store admits that some of its products can be purchased through third-party retailers. The Shade Store denies any remaining allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store states that the referenced statute speaks for itself, and to the extent the allegations in Paragraph 44 vary therefrom, The Shade Store denies them.

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store states that the referenced statute speaks for itself, and to the extent the allegations in Paragraph 45 vary therefrom, The Shade Store denies them.

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store states that the referenced regulation speaks for itself, and to the extent the allegations in Paragraph 46 vary therefrom, The Shade Store denies them.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, The Shade Store states that the referenced statute speaks for itself, and to the extent the allegations in Paragraph 47 vary therefrom, The Shade Store denies them.

48.     Paragraph 48 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

allegations in Paragraph 48.

49.    Paragraph 49 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 49.

50.    Paragraph 50 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 50.

51.    Paragraph 51 contains argument, or expert or legal conclusions, to which no response is required. The Shade Store specifically denies that its advertisements harm consumers or contain false information or misrepresentations. The Shade Store further denies that class treatment of Plaintiffs' claims is appropriate. The Shade Store denies any remaining allegations in Paragraph 51.

52.    Paragraph 52 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 52.

53.    Paragraph 53 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 53.

54.    Paragraph 54 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 54.

55.    Paragraph 55 contains argument, or expert or legal conclusions, to which no response is required. The Shade Store specifically denies that its advertisements harm consumers or contain false information or misrepresentations. The Shade Store denies any remaining allegations in Paragraph 55.

56.    The Shade Store admits that on January 26, 2022, The Shade Store sent an order confirmation in connection with an order for two sets of roller shades, and that the order was addressed to Ms. Crowder with a shipping address in Monterey, California. The Shade Store states

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

that the price quote referenced in Paragraph 56 speaks for itself, and to the extent the allegations in Paragraph 56 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, and on that basis, denies them.

57.     Paragraph 57 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and on that basis, denies them.

58.     Paragraph 58 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 58.

59.     The Shade Store admits that on July 13, 2021, The Shade Store sent an order confirmation in connection with an order for nine sets of roller shades, and that the order was addressed to Mr. Smith with a shipping address in San Francisco, California. The Shade Store further admits that it provided Mr. Smith a price quote. The Shade Store states that the referenced website, price quote, and screenshots set forth in Paragraph 59 speak for themselves, and to the extent the allegations in Paragraph 59 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 59, and therefore denies all allegations concerning them. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and on that basis, denies them.

60.     Paragraph 60 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and on that basis, denies them.

61.     Paragraph 61 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 61.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

62. The Shade Store admits that on August 20, 2021, The Shade Store sent an order confirmation in connection with an order for four sets of roller shades, and that the order was addressed to Mr. Lumian with a shipping address in Venice, California. The Shade Store further admits that it received a request for samples from Mr. Lumian, and that a The Shade Store representative visited a home to measure windows in connection with Mr. Lumian's order. The Shade Store further admits that a The Shade Store design consultant provided Mr. Lumian a price quote. The Shade Store states that the price quote referenced in Paragraph 62 speaks for itself, and to the extent the allegations in Paragraph 62 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62, and on that basis, denies them.

63. Paragraph 63 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, and on that basis, denies them.

64. Paragraph 64 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 64.

65. The Shade Store admits that on November 6, 2021, The Shade Store sent a confirmation in connection with an order for eleven sets of flat roman shades, eight sets of roller shades, and a set of drapes, and that the order was addressed to Ms. Goldwasser with a shipping address in Los Angeles, California. The Shade Store further admits that a The Shade Store design consultant provided a price quote to Ms. Goldwasser before the order was placed. The Shade Store states that the referenced price quote and screenshots set forth in Paragraph 65 speak for themselves, and to the extent that the allegations in Paragraph 65 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshots set forth in Paragraph 65, and therefore denies all allegations concerning them. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65, and on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

66.    Paragraph 66 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and on that basis, denies them.

67.    Paragraph 67 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis, denies them.

68.    Paragraph 68 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 68.

69.    The Shade Store admits that on January 24, 2023, The Shade Store sent an order confirmation in connection with an order for three sets of roller shades, and that the order was addressed to Mr. Elkins with a shipping address in San Francisco, California. The Shade Store further admits that a The Shade Store design consultant provided a price quote to Mr. Elkins before the order was placed. The Shade Store states that the referenced website, price quote, and screenshot set forth in Paragraph 69 speak for themselves, and to the extent that the allegations in Paragraph 69 vary therefrom, The Shade Store denies them. The Shade Store lacks knowledge or information concerning the accuracy of the screenshot set forth in Paragraph 69, and therefore denies all allegations concerning it. The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69, and on that basis, denies them.

70.    Paragraph 70 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis, denies them.

71.    Paragraph 71 contains argument, or expert or legal conclusions, to which no response is required. To the extent a response is required, The Shade Store lacks knowledge or

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and on that basis, denies them.

72.    Paragraph 72 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 72.

73.    Paragraph 73 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 73.

74.    Paragraph 74 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 74.

75.    Paragraph 75 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 75.

76.    Paragraph 76 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 76.

77.    Paragraph 77 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 77.

78.    Paragraph 78 sets forth argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, The Shade Store denies any allegations set forth in Paragraph 78 and further denies that Plaintiffs are entitled to any relief.

79.    Paragraph 79 contains argument and legal conclusions to which no response is required. The Shade Store states that Cal. Bus. & Prof. Code § 17501 speaks for itself, and to the extent the allegations in Paragraph 79 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations set forth in Paragraph 79 and further denies that Plaintiffs

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

14

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1    are entitled to any relief.

2        80.    Paragraph 80 contains argument and legal conclusions to which no response is

3    required. To the extent that a response is required, The Shade Store denies any allegations set forth

4    in Paragraph 80 and further denies that Plaintiffs are entitled to any relief.

5        81.    Paragraph 81 contains argument and legal conclusions to which no response is

6    required. To the extent that a response is required, The Shade Store denies any allegations set forth

7    in Paragraph 81 and further denies that Plaintiffs are entitled to any relief.

8        82.    Paragraph 82 contains argument and legal conclusions to which no response is

9    required. To the extent that a response is required, The Shade Store denies any allegations set forth

10    in Paragraph 82 and further denies that Plaintiffs are entitled to any relief.

11                              **CLASS ACTION ALLEGATIONS**

12        83.    The Shade Store admits that Plaintiffs purport to bring this case as a class action.

13    Paragraph 83 purports to characterize the putative Class and to assert legal conclusions, to which

14    no response is required. To the extent a response is required, The Shade Store denies that class

15    treatment of Plaintiffs' claims is appropriate and further denies any remaining allegations in

16    Paragraph 83.

17        84.    The Shade Store admits that Plaintiffs purport to bring this case as a class action.

18    Paragraph 84 sets forth who Plaintiffs purport is excluded from the proposed class, to which no

19    response is required. The Shade Store denies that class treatment of Plaintiffs' claims is

20    appropriate. To the extent a response is required, The Shade Store denies any remaining allegations

21    in Paragraph 84.

22        85.    Paragraph 85 contains argument and legal conclusions to which no response is

23    required. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate.  To the

24    extent that a response is required, The Shade Store denies the allegations in Paragraph 85.

25        86.    Paragraph 86 purports to characterize the putative Class and to assert legal

26    conclusions, neither of which requires a response. The Shade Store denies that class treatment of

27    Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies

28    the allegations in Paragraph 86.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

87.    Paragraph 87 purports to characterize the putative Class and to assert legal conclusions, both of which require no response. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 87.

88.    Paragraph 88 purports to characterize the putative Class and to assert legal conclusions, neither of which requires a response. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 88.

89.    Paragraph 89 contains legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 89.

## CLAIMS

## FIRST CAUSE OF ACTION

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. Seq.**

**(By Plaintiffs and the California Subclass)**

90.    Paragraph 90 incorporates by reference each and every factual allegation set forth above and does not require a response. The Shade Store incorporates by reference its responses to each and every factual allegation as set forth above as if fully set forth herein.

91.    Paragraph 91 purports to characterize the putative Class and to assert legal conclusions, neither of which requires a response. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 91.

92.    Paragraph 92 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 92.

93.    The Shade Store admits that it displays prices and discounts on its website and price quotes that are provided to customers, and that some quotes include a price that is crossed out and displayed next to a discount price. Paragraph 93 contains argument, or expert or legal conclusions, to which no response is required. The Shade Store lacks knowledge or information sufficient to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

form a belief as to the truth or falsity of the remaining allegations in Paragraph 93, and on that basis, denies them.

94.    Paragraph 94 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required The Shade Store denies the allegations in Paragraph 94.

95.    Paragraph 95 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, and on that basis denies them. The Shade Store denies any remaining allegations in Paragraph 95.

96.    Paragraph 96 contains argument, or expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 96.

97.    Paragraph 97 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97, and on that basis denies them. The Shade Store denies any remaining allegations in Paragraph 97.

98.    Paragraph 98 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and on that basis denies them. The Shade Store denies any remaining allegations in Paragraph 98.

99.    Paragraph 99 contains argument and legal conclusions to which no response is required. The Shade Store specifically denies that its advertisements caused Plaintiffs or other consumers to suffer any harm, losses, or damages, or contain false information or misrepresentations. The Shade Store further denies that class treatment of Plaintiffs' claims is appropriate. The Shade Store denies any remaining allegations in Paragraph 99.

100.    Paragraph 100 contains argument and legal conclusions to which no response is required. The Shade Store specifically denies that its advertisements caused Plaintiffs or other

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

consumers to suffer any harm, losses, or damages, or contain false information or misrepresentations. The Shade Store further denies that class treatment of Plaintiffs' claims is appropriate. The Shade Store denies any remaining allegations in Paragraph 100.

101.    Paragraph 101 contains argument and legal conclusions and sets forth Plaintiffs' prayer for relief, to which no response is required. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies any allegations set forth in Paragraph 101 and further denies that Plaintiffs are entitled to any relief.

## SECOND CAUSE OF ACTION

### Violation of California's Consumer Legal Remedies Act

### (By Plaintiffs and the California Subclass)

102.    Paragraph 102 incorporates by reference each and every factual allegation set forth above and does not require a response. The Shade Store incorporates by reference its responses to each and every factual allegation as set forth above as if fully set forth herein.

103.    Paragraph 103 sets forth who is bringing the cause of action, to which no response is required.  The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response is required, The Shade Store denies any remaining allegations in Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required.  The Shade Store states that California Civil Code § 1761(d) speaks for itself, and to the extent the allegations in Paragraph 104 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required.  The Shade Store states that California Civil Code § 1761(e) speaks for itself, and to the extent the allegations in Paragraph 105 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 105.

106.    Paragraph 106 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 106.

107.    Paragraph 107 contains argument and legal conclusions to which no response is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

required. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 107.

108.    Paragraph 108 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 108.

109.    Paragraph 109 contains argument, and expert or legal conclusions, to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 109.

110.    Paragraph 110 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 110.

111.    Paragraph 111 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 111.

112.    Paragraph 112 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 112.

113.    Paragraph 113 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 113.

114.    Paragraph 114 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 114.

115.    Paragraph 115 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 115.

116.    Paragraph 116 contains argument and legal conclusions to which no response is required. The Shade Store specifically denies that its advertisements caused Plaintiffs or other

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

consumers to suffer any harm, losses, or damages, or contain false information or misrepresentations. The Shade Store further denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 116.

117.    Paragraph 117 contains argument, or expert or legal conclusions, and sets forth Plaintiffs' prayer for relief, to which no response is required. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent that a response is required, The Shade Store denies any allegations in Paragraph 117 and denies that Plaintiffs are entitled to any relief.

118.    The Shade Store admits that Ms. Crowder sent a letter dated May 5, 2023, to The Shade Store's headquarters in New York via certified mail. The Shade Store further admits that it does not have a headquarters in California. The Shade Store states that the referenced letter and the initial complaint filed in this action by Ms. Crowder speak for themselves, and to the extent the allegations in Paragraph 118 vary therefrom, The Shade Store denies them. Paragraph 118 contains argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 118 and further denies that Plaintiffs are entitled to any relief.

119.    The Shade Store admits that Ms. Crowder sent a letter to The Shade Store's headquarters, and that Mr. Lumian sent a letter dated January 30, 2024, to The Shade Store's headquarters in New York via certified mail. The Shade Store further admits that it does not have a headquarters in California. The Shade Store states that the referenced letter speaks for itself, and to the extent the allegations in Paragraph 119 vary therefrom, The Shade Store denies them. Paragraph 119 contains argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 119 and further denies that Plaintiffs are entitled to any relief.

120.    The Shade Store admits that Mr. Smith sent a letter dated February 13, 2024, to The Shade Store's headquarters in New York via certified mail. The Shade Store further admits that it does not have a headquarters in California. The Shade Store states that the referenced letter speaks for itself, and to the extent the allegations in Paragraph 120 vary therefrom, The Shade Store denies

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

them. Paragraph 120 contains argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 120 and further denies that Plaintiffs are entitled to any relief.

121.    The Shade Store admits that Ms. Goldwasser sent a letter dated March 7, 2024, to The Shade Store's headquarters in New York via certified mail. The Shade Store further admits that it does not have a headquarters in California. The Shade Store states that the referenced letter speaks for itself, and to the extent the allegations in Paragraph 121 vary therefrom, The Shade Store denies them. Paragraph 121 contains argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 121 and further denies that Plaintiffs are entitled to any relief.

122.    The Shade Store admits that Mr. Elkins sent a letter dated October 10, 2024, to The Shade Store's headquarters in New York via certified mail. The Shade Store further admits that it does not have a headquarters in California. The Shade Store states that the referenced letter speaks for itself, and to the extent the allegations in Paragraph 122 vary therefrom, The Shade Store denies them. Paragraph 122 contains argument, legal conclusions, and Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, The Shade Store denies the allegations in Paragraph 122 and further denies that Plaintiffs are entitled to any relief.

123.    The Shade Store states that the attachments to Plaintiffs' Third Amended Class Action Complaint speak for themselves, and to the extent the allegations in Paragraph 123, The Shade Store denies them. The Shade Store denies any remaining allegations in Paragraph 123.

### THIRD CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### (By Plaintiffs and the California Subclass)

124.    Paragraph 124 incorporates by reference each and every factual allegation set forth above and does not require a response. The Shade Store incorporates by reference its responses to each and every factual allegation as set forth above as if fully set forth herein.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

21

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

125.    The Shade Store admits that Plaintiffs seek to bring this case as a class action. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. The Shade Store denies any remaining allegations in Paragraph 125.

126.    Paragraph 126 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 126.

127.    Paragraph 127 contains argument and legal conclusions to which no response is required. The Shade Store states that the referenced statute and regulation speak for themselves, and to the extent the allegations in Paragraph 127 vary therefrom, The Shade Store denies them. The Shade Store denies any remaining allegations in Paragraph 127.

128.    Paragraph 128 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 128.

129.    Paragraph 129 contains argument, or expert or legal conclusions, to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 129.

130.    Paragraph 130 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 130.

131.    Paragraph 131 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 131.

132.    Paragraph 132 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 132.

133.    Paragraph 133 contains argument and legal conclusions to which no response is required. The Shade Store specifically denies that its advertisements harm consumers or contain false information or misrepresentations. The Shade Store denies any remaining allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

1   Paragraph 133.

2          134.    Paragraph 134 contains argument and legal conclusions to which no response is

3   required. The Shade Store specifically denies that its advertisements harm consumers or contain

4   false information or misrepresentations. The Shade Store denies any remaining allegations in

5   Paragraph 134.

6          135.    Paragraph 135 contains argument and legal conclusions to which no response is

7   required.  The Shade Store specifically denies that its advertisements harm consumers or contain

8   false information or misrepresentations. The Shade Store denies any remaining allegations in

9   Paragraph 135.

10          136.    Paragraph 136 contains argument and legal conclusions to which no response is

11   required.  To the extent that a response is required, The Shade Store denies the allegations in

12   Paragraph 136.

13          137.    Paragraph 137 contains argument and legal conclusions to which no response is

14   required.  To the extent that a response is required, The Shade Store denies the allegations in

15   Paragraph 137.

16          138.    Paragraph 138 contains argument and legal conclusions to which no response is

17   required.  To the extent that a response is required, The Shade Store denies the allegations in

18   Paragraph 138.

19          139.    Paragraph 139 contains argument and legal conclusions to which no response is

20   required.  To the extent that a response is required, The Shade Store denies the allegations in

21   Paragraph 139.

22          140.    Paragraph 140 sets forth a prayer for relief, to which no response is required. To

23   the extent that a response is required, The Shade Store denies any allegations in Paragraph 140 and

24   denies that Plaintiffs are entitled to any relief.

25                              **FOURTH CAUSE OF ACTION**

26                                  **Breach of Contract**

27                        **(By Plaintiffs and the Nationwide Class)**

28          141.    Paragraph 141 incorporates by reference each and every factual allegation set forth

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1    above and does not require a response. The Shade Store incorporates by reference its responses to

2    each and every factual allegation as set forth above as if fully set forth herein.

3        142.    The Shade Store admits that Plaintiffs seek to bring this case as a class action. The

4    Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response

5    is required, any remaining allegations in Paragraph 142 are denied.

6        143.    Paragraph 143 contains argument and legal conclusions to which no response is

7    required. To the extent that a response is required, The Shade Store denies the allegations in

8    Paragraph 143.

9        144.    Paragraph 144 contains argument and legal conclusions to which no response is

10   required. To the extent that a response is required, The Shade Store denies the allegations in

11   Paragraph 144.

12       145.    Paragraph 145 contains argument and legal conclusions to which no response is

13   required. To the extent that a response is required, The Shade Store denies the allegations in

14   Paragraph 145.

15       146.    Paragraph 146 contains argument and legal conclusions to which no response is

16   required. To the extent that a response is required, The Shade Store denies the allegations in

17   Paragraph 146.

18       147.    Paragraph 147 contains argument and legal conclusions to which no response is

19   required. To the extent that a response is required, The Shade Store denies the allegations in

20   Paragraph 147.

21       148.    Paragraph 148 contains argument and legal conclusions to which no response is

22   required. To the extent that a response is required, The Shade Store denies the allegations in

23   Paragraph 148.

24       149.    The Shade Store admits that Ms. Crowder sent a letter dated May 5, 2024, to The

25   Shade Store's headquarters, that Mr. Lumian sent a letter dated January 30, 2024, to The Shade

26   Store's headquarters, that Mr. Smith sent a letter dated February 13, 2024, to The Shade Store's

27   headquarters, that Ms. Goldwasser sent a letter dated March 7, 2024, to The Shade Store's

28   headquarters, and that Mr. Elkins sent a letter dated October 10, 2024 to The Shade Store's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1    headquarters. The Shade Store states that the referenced letters speak for themselves, and to the
2    extent the allegations in Paragraph 149 vary therefore, The Shade Store denies them. The Shade
3    Store denies any remaining allegations of Paragraph 149.

4        150.    Paragraph 150 contains argument and legal conclusions to which no response is
5    required. To the extent that a response is required, The Shade Store denies the allegations in
6    Paragraph 150.

7        151.    Paragraph 151 sets forth a prayer for relief, to which no response is required. To
8    the extent that a response is required, The Shade Store denies any allegations in Paragraph 151 and
9    denies that Plaintiffs are entitled to any relief.

10    **FIFTH CAUSE OF ACTION**
11    **Breach of Express Warranty**
12    **(By Plaintiffs and the Nationwide Class)**

13        152.    Paragraph 152 incorporates by reference each and every factual allegation set forth
14    above and does not require a response. The Shade Store incorporates by reference its responses to
15    each and every factual allegation as set forth above as if fully set forth herein.

16        153.    The Shade Store admits that Plaintiffs seek to bring this case as a class action. The
17    Shade Store denies that class treatment of Plaintiffs' claims is appropriate. The Shade Store denies
18    any remaining allegations in Paragraph 153.

19        154.    Paragraph 154 contains argument and legal conclusions to which no response is
20    required. To the extent that a response is required, The Shade Store denies the allegations in
21    Paragraph 154.

22        155.    Paragraph 155 contains argument and legal conclusions to which no response is
23    required. To the extent that a response is required, The Shade Store denies the allegations in
24    Paragraph 155.

25        156.    Paragraph 156 contains argument and legal conclusions to which no response is
26    required. To the extent that a response is required, The Shade Store denies the allegations in
27    Paragraph 156.

28        157.    The Shade Store admits that Ms. Crowder sent a letter dated May 5, 2023, to The

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

Shade Store's headquarters, that Mr. Lumian sent a letter dated January 30, 2024, to The Shade Store's headquarters, that Mr. Smith sent a letter dated February 13, 2024, to The Shade Store's headquarters, Ms. Goldwasser sent a letter dated March 7, 2024, to The Shade Store's headquarters, and that Mr. Elkins sent a letter dated October 10, 2024, to The Shade Store's headquarters. The Shade Store states that the referenced letters speak for themselves, and to the extent the allegations in Paragraph 157 vary therefore, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 157.

158.    Paragraph 158 contains argument and legal conclusions to which no response is required.  To the extent that a response is required, The Shade Store denies the allegations in Paragraph 158.

159.    Paragraph 159 sets forth a prayer for relief, to which no response is required. To the extent that a response is required, The Shade Store denies any allegations in Paragraph 159 and denies that Plaintiffs are entitled to any relief.

## SIXTH CAUSE OF ACTION

### Breach of Implied Warranty

### (By Plaintiffs and the California Subclass)

160.    Paragraph 160 incorporates by reference each and every factual allegation set forth above and does not require a response. The Shade Store incorporates by reference its responses to each and every factual allegation as set forth above as if fully set forth herein.

161.    The Shade Store admits that Plaintiffs seek to bring this case as a class action. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response is required, any remaining allegations in Paragraph 161 are denied.

162.    Paragraph 162 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 162.

163.    Paragraph 163 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 163.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

26

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE No. 5:23-cv-02331-NC

164.    Paragraph 164 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 164.

165.    The Shade Store admits that Ms. Crowder sent a letter dated May 5, 2023, to The Shade Store's headquarters, that Mr. Lumian sent a letter dated January 30, 2024, to The Shade Store's headquarters, that Mr. Smith sent a letter dated February 13, 2024, to The Shade Store's headquarters, Ms. Goldwasser sent a letter dated March 7, 2024, to The Shade Store's headquarters, and that Mr. Elkins sent a letter dated October 10, 2024, to The Shade Store's headquarters. The Shade Store states that the referenced letters speak for themselves, and to the extent the allegations in Paragraph 165 vary therefore, The Shade Store denies them. The Shade Store denies any remaining allegations of Paragraph 165.

166.    Paragraph 166 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 166.

167.    Paragraph 167 sets forth a prayer for relief, to which no response is required. To the extent that a response is required, The Shade Store denies any allegations in Paragraph 167 and denies that Plaintiffs are entitled to any relief.

## SEVENTH CAUSE OF ACTION

### Quasi-Contract/Unjust Enrichment

### (By Plaintiffs and the Nationwide Class)

168.    Paragraph 168 incorporates by reference each and every factual allegation set forth above and does not require a response. The Shade Store incorporates by reference its responses to each and every factual allegation as set forth above as if fully set forth herein.

169.    The Shade Store admits that Plaintiffs seek to bring this case as a class action. The Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response is required, any remaining allegations in Paragraph 169 are denied.

170.    The Shade Store admits that Plaintiffs seek to bring their quasi-contract/unjust enrichment claim in the alternative to their legal claims. The Shade Store denies any remaining

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

27

1     allegations in Paragraph 170.

2          171.     Paragraph 171 contains argument and legal conclusions to which no response is

3     required.  To the extent that a response is required, The Shade Store denies the allegations in

4     Paragraph 171.

5          172.     Paragraph 172 contains argument, or expert or legal conclusions, to which no

6     response is required. To the extent that a response is required, The Shade Store denies the

7     allegations in Paragraph 172.

8          173.     Paragraph 173 contains argument and legal conclusions to which no response is

9     required. To the extent that a response is required, The Shade Store denies the allegations the

10    Paragraph 173.

11         174.     Paragraph 174 sets forth a prayer for relief, to which no response is required. To

12    the extent that a response is required, The Shade Store denies any allegations in Paragraph 174 and

13    denies that Plaintiffs are entitled to any relief.

14                                   **EIGHTH CAUSE OF ACTION**

15                                     **Intentional Misrepresentation**

16                                **(By Plaintiffs and the California Subclass)**

17         175.     Paragraph 175 incorporates by reference each and every factual allegation set forth

18    above and does not require a response. The Shade Store incorporates by reference its responses to

19    each and every factual allegation as set forth above as if fully set forth herein.

20         176.     The Shade Store admits that Plaintiffs seek to bring this case as a class action. The

21    Shade Store denies that class treatment of Plaintiffs' claims is appropriate. To the extent a response

22    is required, any remaining allegations in Paragraph 176 are denied.

23         177.     Paragraph 177 contains argument and legal conclusions to which no response is

24    required. To the extent that a response is required, The Shade Store denies the allegations in

25    Paragraph 177.

26         178.     Paragraph 178 contains argument and legal conclusions to which no response is

27    required. The Shade Store specifically denies that its advertisements contained false information

28    or misrepresentations. To the extent that a response is required, The Shade Store denies the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

allegations in Paragraph 178.

179.    Paragraph 179 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 179.

180.    Paragraph 180 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 180.

181.    Paragraph 181 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 181.

182.    Paragraph 182 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 182.

183.    Paragraph 183 contains argument and legal conclusions to which no response is required. To the extent that a response is required, The Shade Store denies the allegations in Paragraph 183.

184.    Paragraph 184 sets forth a prayer for relief, to which no response is required. To the extent that a response is required, The Shade Store denies any allegations in Paragraph 184 and denies that Plaintiffs are entitled to any relief.

## DEMAND FOR JURY TRIAL

185.    This Paragraph sets forth Plaintiffs' request for trial by jury, to which no response is required.

## RELIEF

186.    Paragraph 186 sets forth Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, The Shade Store denies any allegations in Paragraph 186 and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC

assigned to it as to any element of Plaintiffs' claims, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, The Shade Store asserts the following defenses:

**FIRST DEFENSE**

**(Failure to State a Claim)**

The Third Amended Class Action Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Failure to Mitigate Damages)**

For each purported cause of action, Plaintiffs and/or the putative class have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Third Amended Class Action Complaint, if any.

**THIRD DEFENSE**

**(No Standing)**

Plaintiffs lack standing to assert the claims alleged in the Third Amended Class Action Complaint.

**FOURTH DEFENSE**

**(Estoppel)**

Each cause of action contained in the Third Amended Class Action Complaint is barred in whole or in part because Plaintiffs and/or the putative class are barred by the doctrine of estoppel.

**FIFTH DEFENSE**

**(Unclean Hands)**

The Third Amended Class Action Complaint, and each of the purported causes of action asserted therein against The Shade Store, is barred in whole or in part by the doctrine of unclean hands.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

30

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

**SIXTH DEFENSE**

**(Laches)**

Plaintiffs and/or the putative class have waited an unreasonably long time to file this lawsuit, materially prejudicing The Shade Store's ability to defend the lawsuit.

**SEVENTH DEFENSE**

**(Due Process)**

Each purported claim in the Third Amended Class Action Complaint, the purported classes, and the relief it seeks including excessive punitive damages, is barred to the extent that they violate due process under the United States Constitution or applicable state constitutions.

**EIGTH DEFENSE**

**(Waiver)**

Each cause of action contained in the Third Amended Class Action Complaint is barred in whole or in part because Plaintiffs and/or the putative class are barred by the doctrine of waiver.

**NINTH DEFENSE**

**(Statute(s) of Limitations and Repose)**

All or part of the claims that Plaintiffs assert are barred by the applicable statute(s) of limitations and repose.

**TENTH DEFENSE**

**(Lack of Materiality)**

Plaintiffs' and the putative class members' claims are barred on an individual basis because the information the Plaintiffs claim was deceptive was not material to them, and The Shade Store is informed and believes that the overwhelming majority of its customers bought items for many different reasons unconnected to any reference pricing, and without any misunderstanding as to the meaning of any reference pricing.

**ELEVENTH DEFENSE**

**(Doctrine of Accord and Satisfaction)**

The claims of Plaintiffs and/or the putative class are barred in whole or in part, by the doctrine of accord and satisfaction. Over the preceding six years, many customers have returned

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

31

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

their purchases for a full refund. These customers have no claim.

## TWELFTH DEFENSE

### (Unjust Enrichment)

Plaintiffs' and/or the putative class's claims are barred to the extent they would be unjustly enriched by any recovery, including because they received the goods they purchased and did not return them.

## THIRTEENTH DEFENSE

### (Voluntary Payment Doctrine)

The claims of Plaintiffs and/or the putative class are barred by the voluntary payment doctrine.

## FOURTEENTH DEFENSE

### (Fair Competition/Business Economic Justification)

The claims of Plaintiffs and/or the putative class are barred, in whole or in part, because the conduct alleged in the Third Amended Class Action Complaint constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Plaintiffs or the putative classes.

## FIFTHTEENTH DEFENSE

### (Conduct of Others)

If Plaintiffs and the putative class members sustained damages, which The Shade Store denies, their claims are barred, in whole or in part because the conduct, actions, or omissions of other persons or entities, over which The Shade Store had no control, caused or contributed to Plaintiffs' and the putative class members' alleged damages.

## SIXTEENTH DEFENSE

### (Adequate Remedies at Law)

Plaintiffs' and/or the putative class members' claims for equitable relief (including Plaintiffs' equitable claims under the UCL, FAL, CLRA, and for unjust enrichment) are barred by the existence of adequate remedies at law.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

32

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

**SEVENTEENTH DEFENSE**

**(Lack of Causation)**

Plaintiffs and the putative class members have not been damaged, and The Shade Store's conduct did not cause, proximately cause, or solely cause the damages and/or injuries Plaintiffs claim.

**EIGHTEENTH DEFENSE**

**(No Deception)**

The relief Plaintiffs seeks is barred, in whole or part, because the conduct complained of is not unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

**NINETEENTH DEFENSE**

**(First Amendment)**

All or part of the claims that Plaintiffs asserts are barred in whole or part by the First Amendment to the United States Constitution and the free speech provision of the California Constitution, which protect, among other things, Defendant's right to promote and advertise the products at issue. The statutes and regulations upon which Plaintiffs rely unconstitutionally regulate free speech.

**TWENTIETH DEFENSE**

**(Mootness)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that the claims or relief sought are moot.

**TWENTY-FIRST DEFENSE**

**(Failure to Allege Facts Supporting Punitive Damages)**

Plaintiffs failed to adequately plead and/or allege that The Shade Store acted with the requisite state of mind to warrant an award of punitive damages.

**TWENTY-SECOND DEFENSE**

**(Excessive Fines)**

Plaintiffs' and the putative class members' claims for punitive damages are barred by the Excessive Fines Clause of the United State Constitution (amend. VIII). To the extent that the law

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

33

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1    of the State of California may require that a portion of any award of punitive damages be paid to

2    the State, any award of punitive damages constitutes a "fine" subject to the Excessive Fines Clause.

3    Under those circumstances, any amount of punitive damages would be excessive in violation of

4    the Excessive Fines Clause.

**TWENTY-THIRD DEFENSE**

**(Extraterritorial Conduct)**

7         Plaintiffs' and the putative class members' claims for punitive damages are barred by the

8    Due Process Clause of the U.S. Constitution, amend. V and XIV, Section 1, the Commerce Clause

9    of the United States Constitution, Article I, Section 8, clause 3, and by the principles of federalism

10   embodied in the Constitution, to the extent that the claim is based on any conduct by Defendant

11   that occurred outside the State of California. No legitimate interest of the State of California can

12   be served by the imposition of punitive damages based on conduct that occurred outside this State;

13   therefore, the limitations on state power in the Due Process and Commerce Clauses prohibit any

14   award of punitive damages based on such conduct.

**TWENTY-FOURTH DEFENSE**

**(Intervening/Superseding Cause)**

17        If Plaintiffs or the putative class members sustained injuries or damages as alleged, which

18   The Shade Store denies, their injuries or damages were the result of intervening and/or superseding

19   causes, and not the result of acts or omissions by The Shade Store.

**TWENTY-FIFTH DEFENSE**

**(No Loss)**

22        Plaintiffs' and the putative class members' claims are barred, in whole or part, because

23   they suffered no ascertainable loss of money or property.

**TWENTY-SIXTH DEFENSE**

**(Failure to Comply with Procedural Requirements)**

26        Plaintiffs' and the putative class members' claims are barred, in whole or part, for failure

27   to comply with procedural requirements, including but not limited to, the procedural requirements

28   set forth under Cal. Civ. Code §§ 1750, et seq.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

34

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

**TWENTY-SEVENTH DEFENSE**

**(No Duty to Disclose)**

Plaintiffs' and the putative class members' claims are barred because The Shade Store was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

**TWENTY-EIGHTH DEFENSE**

**(Safe Harbor)**

Plaintiffs' claims and requests for relief, and the claims and requests for relief of the members of the putative class, if any, are barred in whole or in part by the safe harbor doctrines incorporated into Plaintiffs' state law claims.

**TWENTY-NINTH DEFENSE**

**(Comparative Fault)**

Any damages sustained by Plaintiffs and/or members of the putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than The Shade Store, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**THIRTIETH DEFENSE**

**(Indemnity and Contribution)**

The Shade Store cannot be held liable for Plaintiffs' damages pursuant to indemnity and contribution agreements.

**THIRTY-FIRST DEFENSE**

**(Justification and Privilege)**

The Third Amended Class Action Complaint, and each of the purported claims for relief asserted therein against The Shade Store, is barred, in whole or in part because The Shade Store's actions, if any, respecting the subject matters alleged therein were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means.

**THIRTY-SECOND DEFENSE**

**(Set-Off)**

Plaintiffs' and/or the putative class members' claims are subject to set-off of the reasonable

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

35

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1  value of goods and services that Plaintiffs and the putative class have received from The Shade
2  Store.

3  ### THIRTY-THIRD DEFENSE

4  ### (No Class Relief)

5      The claims in the Third Amended Class Action Complaint are not properly maintained as
6  a class action because, *inter alia*, Plaintiffs are not adequate representatives; Plaintiffs' claims are
7  not common or typical of the claims of members of the putative class; Plaintiffs' claims are subject
8  to unique facts and defenses; common questions of law and fact do not dominate over any common
9  issues; class treatment is not superior to other available methods of determining the controversy;
10 and a class action would be unmanageable.

11 ### THIRTY-FOURTH DEFENSE

12 ### (Reasonable Conduct)

13     Any conduct of The Shade Store that has been alleged by Plaintiffs and/or the putative
14 class members was reasonable under the circumstances and thus not unfair.

15 ### (Additional Defenses)

16     The Shade Store has not knowingly or intentionally waived any applicable defenses and
17 reserves the right to assert and rely on other applicable defenses as may become available or
18 apparent during discovery in this matter. The Shade Store reserves the right to amend or
19 supplement its Answer and/or affirmative defenses as may be necessary and appropriate.

20 ### THE SHADE STORE'S PRAYER FOR RELIEF

21     WHEREFORE, The Shade Store prays as follows:

22     1.    That Plaintiffs and the putative class take nothing by way of the Third Amended
23         Complaint;

24     2.    That certification of the purported class or subclasses alleged in the Third Amended
25         Complaint be denied;

26     3.    That the Third Amended Complaint is dismissed with prejudice;

27     4.    That The Shade Store be awarded attorneys' fees and costs; and

28     5.    That The Shade Store be awarded such other relief as the Court deems just and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

36

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-cv-02331-NC

1       proper.

2       **<u>DEMAND FOR JURY TRIAL</u>**

3       Defendant hereby demands trial by jury on each purported claim for relief, cause of

4       action, and affirmative defense at issue herein.

5

6       Dated: March 24, 2025        Respectfully submitted,

7               LATHAM & WATKINS LLP

8               By   */s/ Steven N. Feldman*

9                   Steven N. Feldman (Bar No. 281405)
                   steve.feldman@lw.com

10                   355 South Grand Avenue, Suite 100
                  Los Angeles, California 90071-1560

11                   Telephone: +1.213.891.8790

12                   Johanna Spellman (*pro hac vice*)
                   johanna.spellman@lw.com

13                   330 N. Wabash Avenue, Suite 2800
                  Chicago, IL 60611

14                   Telephone: +1.312.777.7039

15                   Kevin Jakopchek (*pro hac vice*)
                   kevin.jakopchek@lw.com

16                   330 N. Wabash Avenue, Suite 2800
                  Chicago, IL 60611

17                   Telephone: +1.312.777.7244

18                   Shlomo Fellig (*pro hac vice*)
                   shlomo.fellig@lw.com

19                   200 Clarendon Street
                  Boston, MA 02116

20                   Telephone: +1.617.880.4636

21                   *Attorneys for Defendant*
                  The Shade Store, LLC

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

37

THE SHADE STORE'S ANSWER TO THIRD AM.
CLASS ACTION COMPL.
CASE NO. 5:23-CV-02331-NC