Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON CROWDER, JOEL LUMIAN, ROBERT SMITH, AMANDA GOLDWASSER, and MARK ELKINS, each individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE SHADE STORE, LLC, <br><br> *Defendant*. | Case No. 5:23-cv-02331-NC <br><br> **DECLARATION OF SIMON FRANZINI IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> **(REDACTED VERSION)** <br><br> Hon. Nathanael M. Cousins |

<u>**DECLARATION OF SIMON FRANZINI**</u>

I, Simon Franzini, declare:

1.      I am a partner at the law firm Dovel & Luner, LLP, a member of the California bar, and counsel for Plaintiffs in this action.

**<u>Dovel & Luner LLP</u>**

2.      Dovel & Luner has extensive experience litigation class action cases and has been appointed class counsel (including interim class counsel) in a number of class action cases. *See, e.g.*, *Kramer v. Alterra Mt. Co.*, 2020 U.S. Dist. LEXIS 135770, at *8 (D. Colo.) (appointing Dovel & Luner as interim co-lead counsel among four competing groups, specifically for its "specific substantive investigation, research, and analysis already conducted to support and prosecute the claims on behalf of putative class members."); *Sanderson v. Whoop, Inc.*, No. 3:23-cv-05477-CRB (N.D. Cal), Dkt. 62 (appointing Dovel & Luner as Class Counsel); *Goodrich, et al. v. Alterra Mt. Co., et al.*, No. 1:20-cv-01057-RM-SKC (D. Colo.), Dkt. 157 (granting final approval of a $17.5 million settlement and appointing Dovel & Luner as Class Counsel); *Damonie Earl et al. v. The Boeing Company*, No. 4:19-cv-00507 (E.D. Text.) (a multi-billion-dollar RICO class action against Boeing and Southwest); *In re: Arch Insur. Co. Ski Pass Ins. Litig.*, MDL No. 2955 (W.D. Mo.) (an insurance coverage class action); *David Oh v. Sunvalleytek International Inc.*, No. 22-cv-00866-SVK (N.D. Cal.), Dkt. 62 (granting motion for class certification and appointing Dovel & Luner as class counsel); *Barr et al. v. Select Blinds, LLC*, No. 2:22-cv-08326-SPG-PD (C.D. Cal.), Dkt. 56 (granting final approval of a $10 million settlement in a consumer class action and appointing Dovel & Luner as class counsel).

3.      Dovel & Luner also serves on the leadership committee in *In Re: Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 5:21-md-02985-EJD (N.D. Cal.) (a class action asserting that Apple, Google, and Facebook provide illegal social gambling applications).

4.      Dovel & Luner also has the rare ability to try complex class actions to verdict. Along with other attorneys at my firm, I obtained a $925 million jury verdict in a Telephone Consumer Protection Act class action pending in the District of Oregon. *Wakefield v. Visalus, Inc.*, No. 3:15-cv-01857-SI, 2020 U.S. Dist. LEXIS 146959 (D. Or. Aug. 14, 2020).

5. Dovel & Luner has specific experience prosecuting deceptive discount cases. The lawyers here are currently litigating a number of other cases alleging deceptive price advertising, including in this District. *See e.g.*, *Phillips v. Brooklyn Bedding LLC*, No. 3:23-cv-03781-RFL (N.D. Cal.); *Vizcarra v. Michaels Stores, Inc.*, No. 5:23-cv-00468-PCP (N.D. Cal.).

6. Dovel & Luner has no conflicts with class members and is committed to vigorously prosecuting this case. For this case, Dovel & Luner performed an extensive investigation of Defendant's unlawful, unfair, and deceptive practices; drafted multiple detailed complaints setting forth Defendant's conduct and Plaintiffs' and the proposed class's claims; undertook extensive discovery, including serving and responding to multiple rounds of written discovery, reviewing thousands of documents, and taking and defending depositions; and participated in a mediation. As part of this, Dovel & Luner devoted significant time and resources to prosecuting this case, including advancing all litigation costs. If appointed class counsel, Dovel & Luner will continue to vigorously prosecute this case to obtain the best possible result for the Class.

**<u>The documents submitted in support of Plaintiffs' Motion for Class Certification</u>**

7. Attached hereto as **Exhibit 1** (filed under seal) is a true and correct copy of excerpts from the deposition transcript of Suzanne Dominick, The Shade Store's 30(b)(6) representative in this case. My office has highlighted in yellow portions of Ms. Dominick's testimony that are cited in Plaintiffs' motion.

8. Attached hereto as **Exhibit 2** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0012144 (and marked as Exhibit 28 to the deposition of Defendant The Shade Store in this case). This document was produced to Plaintiffs with redactions.

9. Attached hereto as **Exhibit 3** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0012125 (and marked as Exhibit 29 to the deposition of Defendant The Shade Store in this case). This document was produced to Plaintiffs with redactions.

10. Attached hereto as **Exhibit 4** is a true and correct copy of a document produced by Plaintiff Robert Smith with Bates stamp SMITH000001 (and marked as Exhibit 30 to the deposition

of Defendant The Shade Store in this case). My office has redacted Mr. Smith's billing and shipping addresses, phone number, and email address.

11. Attached hereto as **Exhibit 5** is a true and correct copy of a document produced by Plaintiff Sharon Crowder with Bates stamp CROWDER000004 (and marked as Exhibit 26 to the deposition of Defendant The Shade Store in this case).

12. Attached hereto as **Exhibit 6** is a true and correct copy of a document produced by Plaintiff Sharon Crowder with Bates stamp CROWDER000005 (and marked as Exhibit 27 to the deposition of Defendant The Shade Store in this case).

13. Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0008879 (and marked as Exhibit 9 to the deposition of Greg Spatz in this case). The original document was produced as an Excel file, and my office has converted it to a PDF file for purposes of this filing.

14. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0006135 (and marked as Exhibit 32A to the deposition of Defendant The Shade Store in this case).

15. Attached hereto as **Exhibit 9** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0006170 (and marked as Exhibit 32B to the deposition of Defendant The Shade Store in this case).

16. Attached hereto as **Exhibit 10** is a true and correct copy of a document produced by Defendant The Shade Store with Bates stamp TSS0006195 (and marked as Exhibit 32C to the deposition of Defendant The Shade Store in this case).

17. Attached hereto as **Exhibit 11** is a true and correct copy of a document previously produced by Defendant The Shade Store with Bates stamp TSS0006216 (and marked as Exhibit 32D to the deposition of Defendant The Shade Store in this case).

18. Attached hereto as **Exhibit 12** (filed under seal) is a true and correct copy of an excerpt from a document produced by Defendant The Shade Store with Bates stamp TSS0012284 (and marked as Exhibit 16 to the deposition of Jorge Mendoza in this case). The original document was produced as an Excel file, and my office has converted it to a PDF file for purposes of this filing.

19. Attached hereto as **Exhibit 13** (filed under seal) is a true and correct copy of an excerpt from a document produced by Defendant The Shade Store with Bates stamp TSS0038115 (and marked as Exhibit 34 to the deposition of Defendant The Shade Store in this case). The original document was produced as an Excel file, and my office has converted it to a PDF file for purposes of this filing.

20. Attached hereto as **Exhibit 14** is a true and correct copy of *Brazil et al. v. Dell, Inc.*, Case No. 5:07-cv-01700-RMW (N.D. Cal. Dec. 21, 2010), Dkt. 306.

21. Defendant The Shade Store maintains, and produced in this case, transactional data for its orders by California and Washington customers. This data was produced with Bates stamp TSS0038115 (for customers receiving a trade discount) and TSS0012284 (for other customers). As mentioned above, excerpts from these files are attached as **Exhibit 12** (other customers) and **Exhibit 13** (trade customers). The files include, for each purchased product, the order number, the product's configuration, the list price, the discounted price, and various other pieces of information. Based on those files, there have been ███████████████ by customers that received a discount during the class period, including ███████████████ by customers who received a trade discount and approximately ██████████ by customers who received a discount other than a trade discount.

22. Plaintiffs' expert economist, Colin Weir, has reviewed The Shade Store's line-item reports and summarized some of the data contained in those reports. He included that summary in the expert declaration he prepared for this case. Based on that summary, approximately ███ of products during the class period were sold at a discount of at least ███ off the list price, and the average discount ranged from ███ to over ███.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 24, 2025

Respectfully submitted,

By: */s/ Simon Franzini*
Simon Franzini