Docusign Envelope ID: 3FBE3DFD-9B35-4529-A8AD-B5393B4BB566

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON CROWDER, JOEL LUMIAN, ROBERT SMITH, AMANDA GOLDWASSER, and MARK ELKINS, each individually and on behalf of all others similarly situated, | Case No. 5:23-cv-02331-NC |
| *Plaintiffs*, | **DECLARATION OF PLAINTIFF SHARON CROWDER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| THE SHADE STORE, LLC, | |
| *Defendant*. | |

Docusign Envelope ID: 3FBE3DFD-9B35-4529-A8AD-B5393B4BB566

I, Sharon Crowder, declare as follows:

1. I am a named Plaintiff in this action.

2. On January 26, 2022, I purchased two sets of Roller Shades from Defendant's website, www.theshadestore.com, while living in Monterey, California. I purchased the Roller Shades for use in my home.

3. I am willing to serve as the class representative in this case. I understand that, as the class representative, my duty is to represent other California consumers who, like me, purchased a product from The Shade Store advertised at a discount since May 21, 2020. I do not know of or foresee any conflicts of interest between myself and any Class Members.

4. When I purchased The Shade Store's products, I read and relied upon the 20% off promotion advertised on theshadestore.com. In particular, in making my purchase, I relied on the information displayed in the "shopping cart" page during checkout including the regular prices shown in "strikethrough" font, that a "20% sale" applied to my order, and that I was saving "$372" by purchasing during the "sale." Based on the advertised sale, I thought that I was purchasing products that were regularly offered for sale for the list price shown in "strikethrough" font, but for a discounted price. In addition, I expected to receive products worth the list price shown in strikethrough font in exchange for the supposedly discounted price that I paid.

5. Getting a good deal was important to me in deciding to make my purchase from The Shade Store. Had I known the truth—that The Shade Store always offered discounts of at least 15% off of its list prices, meaning that I was not actually getting the advertised discount off of the products' true regular prices—I would not have purchased the products for the price I paid.

6. I want The Shade Store to stop its practice of advertising deceptive discounts and deceptive regular prices. Currently, because of The Shade Store's past deception, I cannot trust that its discounts are true discounts, that its advertised regular prices are actually the prices at which it usually sells its products, or that its advertised discounts offer real discounts off of real, regular prices. And, because The Shade Store deceived me in the past, I will not be able to take The Shade Store's word that its advertised pricing is accurate, even if it claims to have made changes to its practices. So, I will not be able to rely on The Shade Store's advertised pricing or discounts in the

Declaration of Sharon Crowder        1        Case No. 5:23-cv-02331-NC

future, and so will not be able to purchase The Shade Store's products, even though I would otherwise consider doing so. But if the Court issued an order forbidding The Shade Store from advertising fake discounts and misleading prices, I could trust The Shade Store again. With the security of the Court's order, I could rely on The Shade Store's advertised prices and discounts when shopping for window treatments again.

7. I have actively participated in this case, and will continue to do so. Throughout litigation, I have regularly discussed the case with my lawyers, I reviewed the original and amended complaints, I provided information to my lawyers to help draft those complaints, I responded to discovery requests from The Shade Store both by providing written answers to The Shade Store's questions and by searching for documents responsive to The Shade Store's requests, and I sat for a deposition.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct to the best of my knowledge.

Signature: _____

DocuSigned by:

*Sharon Crowder*

DE7E9F1EB36A490...

Sharon Crowder

Dated: 3/20/2025

Declaration of Sharon Crowder      2      Case No. 5:23-cv-02331-NC